CAROLINA BAGGING COMPANY v. UNITED STATES RAILROAD
ADMINISTRATION (SOUTHERN RAILWAY COMPANY).

(Filed 20 September, 1922.)

**1. Judgments — Justices' Courts — Appeal—Superior Courts—Trials de Novo—Railroads—Federal Control—Director General.**

On appeal from a judgment of a justice of the peace to the Superior
Court, in an action to recover damages for the loss of a shipment of goods,
brought against the Government Railroad Administration and the carrier
over the lines of which the shipment was to have been transported, the
judgment appealed from is vacated, and a trial *de novo* had in the Supe-
rior Court and a motion to dismiss as against the carrier is properly
allowed.

**2. Carriers of Goods—Railroads—Director General—Federal Statutes—Substituted Agent—Motions—Parties—Nonsuit.**

An action, commenced against the Government Railroad Administration
during its control, and prior to 1 March, 1920, does not abate under the
provisions of the Federal statute of 28 February, 1920; and there being
no stated time in which the agent of the Government designated in
substitution of the Director General must be made a party: *Held*, the
motion of such agent to dismiss on that ground should be denied; and
"the cause proceed to judgment upon his being made the party defendant
by the court, a recovery, if anything, to be promptly paid out of the
revolving fund." The effect of the statute is otherwise when the action
has been commenced since 1 March, 1920.

APPEAL by plaintiff from *Allen, J.,* at June Term, 1922, of VANCE.

The plaintiff sued out a warrant before a justice of the peace and
obtained judgment thereon 12 November, 1919, for $131.07 against
defendant for failure to deliver 75 bundles of cotton ties. From this
the defendant appealed in apt time to the Superior Court. The defend-
ant named in the warrant and judgment was the "United States Railroad
Administration (Southern Railway Company)." At June Term, 1922,
of the Superior Court, on motion, the action was dismissed as to the
Southern Railway Company on the ground that said defendant did not
commit the act complained of, its lines at the time complained of being
operated by the United States Government. This motion was allowed.

Thereupon, James C. Davis, agent designated by the President under
the authority of section 206 (*a*) of the Transportation Act of 1920,
moved to dismiss the action as to the "United States Railroad Adminis-
tration" upon the ground that said United States Railroad Administra-
tion was abolished by the act of 1920, and that more than two years had
elapsed since that date, and no steps had been taken or motion made to
make said Davis a party thereto. The motion to dismiss was granted,
and the plaintiff appealed.

*J. P. Zollicoffer for plaintiff.*

*Hicks & Son for Southern Railway Company, and appearing specially for J. C. Davis.*

CLARK, C. J. The judgment obtained before the justice of the peace was vacated by the appeal, and the cause of action was pending for trial *de novo* in the Superior Court. The motion to dismiss as to the Southern Railway Company was properly allowed (*Kimbrough v. R. R.,* 182 N. C., 235; *Wyne v. R. R., ibid.,* 257), under the authority of the *Ault case* in the United States Supreme Court.

The United States Railroad Administration, through counsel for James C. Davis, moved also to dismiss the cause under the act of 28 February, 1920, which went into effect 1 March, 1920, and which legislated Walker D. Hines, Director General, out of office. That act, section 206 (*a*), provided that all actions which could be brought against the Railroad Administration should be brought against an agent designated by the President, who so designated James C. Davis, within thirty days, as required by that act. This section, however, applies only to the bringing of an action, but does not affect this action against the Railroad Administration, which had been brought and was pending.

The section of the statute which seems to apply to this case is 206 (*d*), which provides: "Actions, suits, proceedings, and reparation claims of the character above described, *pending* at the termination of Federal control, *shall not abate* by reason of such termination, but may be prosecuted to final judgment, substituting the agent designated by the President under this subdivision." This action was already pending, and under the statute it did not abate, but may be prosecuted to final judgment, "substituting the agent designated by the President under subdivision (*a*)." And section 206 (*e*) further provides that "such final judgments, when rendered against such agent designated by the President, shall be promptly paid out of the revolving fund created by section 10."

Section 206 therefore provides that a new action must be brought against James C. Davis, but that if the action is already pending the action "shall not abate by reason of the termination of the Federal control, but that it shall be prosecuted to final judgment," substituting James C. Davis.

This action being already on the docket, by the service upon the Railroad Administration, under the statute it did not abate. There is no provision which authorizes an abatement of the action, but on the contrary, it should be prosecuted to final judgment upon James C. Davis being substituted for the Railroad Administration.

There is no time prescribed when this shall be done, and there is no authority given to dismiss the action, but only to substitute Davis and proceed to final judgment. When counsel of James C. Davis moved to dismiss, in the absence of a statute prescribing the time within which the substitution should take place, and there being no abatement prescribed as a penalty for failure to do so in a given time, the court should have ordered Davis to be substituted as a party, and, in the language of the statute, should have proceeded in the cause "to final judgment." If the judgment should be in favor of the plaintiff, the statute provides that it "shall be promptly paid out of the revolving fund created by section 10." 41 Stat. L., 462.

It was evidently contemplated that such actions would be retained on the docket, for it is provided that payment shall be made out of the revolving fund. The above statute is brought forward and will be found in Fed. Stat. Anno. (2 ed.), Supplement 1920.

The order dismissing the action should be reversed, and the cause prosecuted to final judgment, as prescribed by the statute, James C. Davis being substituted as a party defendant.

Reversed.