C. UTLEY PRIDGEN v. NETTIE INMAN LYNCH.

(Filed 24 May, 1939.)

**1. Courts § 2d—**

A judgment of a justice of the peace is vacated by appeal, and thereupon the action is pending in the Superior Court for trial *de novo*. C. S., 660.

**2. Judgments § 33c—**

Where, upon appeal from a justice of the peace, the Superior Court dismisses the action, but not the appeal, by consent of the parties and without prejudice to their rights, such judgment will not bar a subsequent action between the parties involving the same subject matter.

APPEAL by plaintiff from *Cranmer, J.*, at November Term, 1938, of COLUMBUS. Reversed.

*E. M. Toon and R. G. Grady for plaintiff.*
*Lyon & Lyon for defendant.*

DEVIN, J. This was an action by a farm tenant to recover damages from his landlord for wrongful interference with his crop, and also for malicious abuse of process in procuring his removal from the land. The defendant pleaded estoppel by judgment. The court below held the plaintiff estopped by the judgment rendered in a summary ejectment proceeding which had been instituted against him by the present defendant, and thereupon dismissed the action. The plaintiff appealed to this court, assigning error in the judgment predicated upon this ruling.

The facts relative to the former suit, as disclosed by the record, may be summarized as follows: In January, 1936, the plaintiff Pridgen, pursuant to contract, moved upon defendant's land and began the cultivation of a crop thereon. May 18, 1936, defendant Lynch instituted before a justice of the peace summary ejectment proceedings against him, alleging failure to perform his rental contract. Judgment was rendered by the justice of the peace in favor of the defendant herein and against Pridgen. The plaintiff Pridgen gave notice of appeal and

the appeal was duly docketed in the Superior Court of Columbus County. The plaintiff Pridgen, however, being unable to give bond in that case, was dispossessed. Subsequently at November Term, 1937, of the Superior Court, in the summary ejectment case entitled "Nettie Inman Lynch v. Utley Pridgen," then pending, the judge entered judgment dismissing the action. The pertinent portion of the judgment was in these words: "Thereupon, by consent of the parties, and without prejudice to the rights of the plaintiff or the defendant, it is considered, ordered and adjudged that this action be and the same is hereby dismissed."

It is apparent that this judgment is insufficient to support the plea of *res judicata,* and that the court below was in error in holding the plaintiff estopped thereby to maintain this action. The judgment of the justice of the peace was vacated by the appeal, and the action was pending in the Superior Court for trial *de novo.* C. S., 660, *Bagging Co. v. R. R.,* 184 N. C., 73, 113 S. E., 595. The Superior Court dismissed the action—not the appeal—without prejudice to the rights of the parties. In these respects the facts here are unlike those upon which the decision in *Savage v. McGlawhorn,* 199 N. C., 427, 154 S. E., 673, was based.

We conclude that the judgment of the court below sustaining the plea of *res judicata* and dismissing the action, must be reversed.

Reversed.