## THOMAS L. BRAKE v. LOUISE G. BRAKE.

(Filed 17 March, 1948.)

**1. Divorce § 19—**

　In awarding custody of minor children as between the parents in a divorce action, the welfare of the child is the paramount consideration which must guide the court in exercising its discretionary power. G. S., 50-13.

**2. Courts § 4b—**

　An appeal from the Recorder's Court of Nash County to the Superior Court in a cause within the original jurisdiction of the Recorder's Court takes the cause to the Superior Court for trial *de novo.* Public Laws 1909, chap. 633, as amended.

**3. Same: Divorce § 17—On appeal from Recorder's Court from order in divorce action awarding custody of minor child, hearing is de novo.**

　After decree for absolute divorce entered by the Recorder's Court of Nash County, the court entered an order awarding the custody of the child of the marriage. G. S., 50-13. Defendant appealed to the Superior Court. *Held:* If the Recorder's Court had jurisdiction to enter the order, the hearing in the Superior Court on appeal was *de novo,* while if the jurisdiction of the Recorder's Court did not include jurisdiction to award the custody of the child (Session Laws 1943, chap. 768), the petition may be considered an application to the judge of the Superior Court and the Superior Court had jurisdiction to enter a different order awarding the custody of the child, since in no event was its jurisdiction derivative.

**4. Courts § 3a—**

　The Superior Court has original jurisdiction of all civil actions where exclusive jurisdiction is not given to some other court. G. S., 7-63.

APPEAL by plaintiff from *Edmundson, J.,* at Chambers in Goldsboro. From NASH.

20—228

Civil action begun 7 February, 1947, in the recorder's court of Nash County for absolute divorce upon ground of two years separation. The complaint therein alleged "that there was one child born of the marriage between plaintiff and defendant, named Harriett Elizabeth, age 6 years." Judgment for divorce as prayed was rendered on 8 April, 1947, but no action was taken then in respect of the child. Thereafter on 10 July, 1947, plaintiff by motion in the cause petitioned for the custody of the child of the marriage.

The recorder of the recorder's court, after hearing on the petition and affidavits filed by the plaintiff and by defendant, found as fact, among other things, that "it is for the best interest of the said child, and that her welfare would be greatly promoted by awarding her custody, tuition and maintenance to her father, the plaintiff," and thereupon, and in accordance therewith entered judgment, "with the right of the mother . . . to see and visit the child at such times as may be reasonable."

Defendant excepted to the judgment and appealed to the Superior Court of Nash County.

Thereafter the appeal of defendant came on for hearing before Edmundson, J., presiding at the September Term, 1947, of Superior Court, who, "after due inquiry, finds as a fact that each of the above parties is a fit and suitable person to have the custody and control of the said minor child . . . and that the interest and welfare of said child will be best promoted by awarding her custody in the manner as is here- inafter set forth," and thereupon entered judgment awarding the custody, maintenance and tuition of the child to plaintiff a part of the time and to defendant a part of the time, as set out in detail,—ordering and directing both plaintiff and defendant to recognize and respect the rights of the other to the care and custody of said child,—"it being the inten- tion of the court to give said child as nearly a normal relationship between herself and both her mother and father as may be possible under the circumstances . . . etc.," and retaining the cause "for such addi- tional orders as may be necessary in the future to take care of changing conditions."

Plaintiff excepts to the judgment and appeals to the Supreme Court, and assigns error.

*T. A. Burgess and L. L. Davenport for plaintiff, petitioner.*
*J. D. Odom and F. S. Spruill for defendant, appellee.*

WINBORNE, J. The only exception presented in the assignment of error shown in the record on this appeal is to the signing of the judgment from which appeal is taken. The pivotal question revolves around ap-

pellant's challenge of the authority of the judge of Superior Court to hear this matter anew.

In this connection appellant invokes the statute, G. S., 50-13, which provides that: "After the filing of a complaint in any action for divorce, whether from the bonds of matrimony or from bed and board, both before and after final judgment therein, it is lawful for the judge of the court in which such application is or was pending to make such orders respecting the care, custody, tuition and maintenance of the minor children of the marriage as may be proper, and from time to time to modify or vacate such orders, and may commit their custody and tuition to the father or mother, as may be thought best . . ."

In applying this statute, the decisions of this Court hold that the question of granting the custody and tuition of the child to the father or mother is discretionary with the court. The welfare of the child is the paramount consideration, or, as stated in *In re Lewis,,* 88 N. C., 31, "the polar star by which the discretion of the court is to be guided."

And appellant says that in this case the "judge of the court" referred to in this statute is the judge of the recorder's court, and this judge, having exercised his discretion in the matter, the appeal from his ruling to Superior Court takes the case up for review,—that is, that the jurisdiction of Superior Court in such case is derivative only, and that, hence, the judge of Superior Court is without jurisdiction to hear the matter anew.

This contention necessitates inquiry as to what is the extent of the jurisdiction of the recorder's court of Nash County in such matters, and as to what is the procedure on appeals from this recorder's court to the Superior Court.

The creation of the recorder's court of Nash County was authorized by Chapter 633 of Public Laws of the General Assembly of 1909. Its jurisdiction, both criminal and civil, was originally prescribed therein. However, this act was amended by Chapter 176 of Public-Local Laws of 1911, in which the provisions as to jurisdiction were rewritten. And again in Chapter 499 of Public-Local Laws 1925, the provisions as to jurisdiction were rewritten. And in the 1943 Session Laws of North Carolina, Chapter 768, the General Assembly extended the civil jurisdiction of said recorder's court, and gave to it "concurrent, original and final jurisdiction with the Superior Court of all actions for divorce." Whether this provision includes jurisdiction in controversies involving custody of children is challenged by appellee. But be that as it may, if it be conceded that the provision above quoted is susceptible of being construed so as to include jurisdiction in controversies involving custody of children of the marriage between husband and wife in divorce action, the original acts, Public Laws 1909, Chapter 633, Sec. 11, and Public-

Local Laws 1911, Chapter 176, Sec. 12, provide for an appeal in these words: "Any person desiring to appeal to the Superior Court in a criminal or civil case from a judgment of the recorder's court shall be allowed to do so in the same manner as now provided for appeals from the courts of justices of the peace."

And when an appeal is taken from the judgment of a justice of the peace to a Superior Court, it shall be reheard, G. S., 1-299, formerly C. S., 660, that is, heard *de novo*. See *Bagging Co. v. R. R.,* 184 N. C., 73, 113 S. E., 595; *Pridgen v. Lynch,* 215 N. C., 672, 2 S. E. (2d), 849. In the light of the statutes and decisions of this Court, the appeal brought the proceeding up to Superior Court for hearing *de novo*.

On the other hand, if it be conceded that the act extending the jurisdiction of the recorder's court of Nash County to actions for divorce is not susceptible of being construed so as to include jurisdiction in controversies involving custody of children of the marriage between husband and wife in divorce action, the petition of plaintiff may be considered an application to the judge of Superior Court. The Superior Court has original jurisdiction of all civil actions where exclusive original jurisdiction is not given to some other court. G. S., 7-63. When in this case the matter of the custody of the child came before the judge of Superior Court, he had jurisdiction to make provision for the custody of the child. And, upon the facts found, the best interest of the child expressly appears as the "polar star" by which the discretion of the court was guided. Hence the judgment is

Affirmed.