## J. WINFIELD CREW, JR., v. S. ELLIS CREW.

### (Filed 19 November, 1952.)

**1. Pleadings § 28—**

In determining a motion for judgment on the pleadings, the court's decision must be based upon facts alleged on the one hand and admitted on the other, and it is error for the court to hear evidence and find facts in support of its judgment upon the motion, since if the pleadings raise any issues of fact they must be tried by a jury in the absence of waiver of jury trial and agreement that the court should find the facts. G.S. 1-172.

**2. Trusts § 5c—**

Defendant, an attorney in fact for the handling of all business transactions of plaintiff, acquired property of plaintiff at foreclosure sale of a mortgage thereon executed by plaintiff, and thereafter plaintiff executed a quitclaim deed to him. *Held:* Whether a fiduciary relationship existed between the parties in respect to these transactions, which would raise a presumption of fraud, is an issue for the determination of the jury when the predicative facts are controverted by defendant, and the granting of the defendant's motion for judgment on the pleadings was error.

**3. Pleadings § 31—**

Where the financial condition of a party is material to the inquiry the adverse party may allege such fact, but allegations of particular judgments and claims and indebtednesses should be stricken on motion as being evidentiary or relating to matters immaterial to the issue.

APPEAL by plaintiff from *Stevens, J.,* June Term, 1952, of HALIFAX.

The allegations of the plaintiff's complaint may be summarily stated as follows:

1. The plaintiff volunteered for service in the armed forces of the United States 8 December, 1941. He was accepted and entered the service on 26 December, 1941, and remained therein until 26 April, 1946.

2. In December, 1941, the plaintiff was the owner and in possession of several tracts or parcels of land in Halifax County, North Carolina, subject to certain encumbrances; that one of said parcels which is the subject of this controversy, is situate in Roanoke Rapids and known as the McCrory Stores property.

3. That, in order that the several properties herein referred to could be properly preserved, the plaintiff turned to his two brothers, S. Ellis Crew and W. Lunsford Crew, and arranged with them to take possession of said properties and hold them for the use and benefit of the plaintiff. That in consequence of this arrangement the several instruments hereinafter referred to were duly executed and delivered.

4. That prior to 19 December, 1941, it was agreed by and between the plaintiff and McCrory Stores Corporation that said corporation would bid in the property at a price of $70,000, which property was then being

advertised for sale by Charles R. Daniel, Trustee, under a deed of trust previously executed by the plaintiff as security for certain indebtedness to Phoenix Mutual Life Insurance Company, which indebtedness, in the sum of approximately $64,000, was past due. It was also agreed that the McCrory Stores Corporation would assign its bid to anyone designated by the plaintiff. The property was bid in on 19 December, 1941, for the amount authorized, and the plaintiff directed the McCrory Stores Corporation to assign its bid to S. Ellis Crew and W. Lunsford Crew. This assignment was made to· S. Ellis Crew only on 1 January, 1942, and the bid was confirmed on 2 January, 1942.

5. On 20 December, 1941, the plaintiff executed, acknowledged and immediately delivered to his brothers, S. Ellis Crew and W. Lunsford Crew, a general power of attorney, the pertinent parts of which read as follows:

"To sell for cash or credit, or otherwise dispose of, mortgage or lease any real property that I have anywhere, or any personal property, and to otherwise manage as if it were their own all of my business affairs during my stay in the United States Army. They shall have full power to do anything whatsoever in the management of my affairs that I could do if I were present, and I do hereby ratify and confirm all things so done by said attorneys in fact as fully and to the same extent as if by me personally done and performed.

"And I do further provide and declare that all the powers and authority herein given to my said attorneys in fact may be exercised and all things herein set out to be done by them may be done by either one of them acting alone and without the consent or joinder of the other. They shall have authority to collect rents, bring civil actions, defend pending civil actions or civil actions hereafter brought against me, to borrow money from banks or individuals and to execute notes and mortgages as security for the same."

6. Notwithstanding the agreement with S. Ellis Crew and W. Lunsford Crew, who were to hold the property in trust for the plaintiff, and the trustee was so informed, the property was conveyed by the trustee to S. Ellis Crew only by a deed dated 5 January, 1942, which was delivered on 18 February, 1942. (Prior to the execution of a deed of trust on the property by S. Ellis Crew to secure a loan of $55,000, which sum was to be used as a part of the purchase price, and before the delivery of the deed from the trustee to S. Ellis Crew, J. Winfield Crew executed a quitclaim deed to the property in controversy, releasing, conveying, and quitclaiming all his right, title, and interest therein to S. Ellis Crew.)

7. The defendant in his answer denied every material allegation in the complaint and pleaded the quitclaim deed referred to in the above paragraph, as an estoppel by deed in bar of plaintiff's right to recover the

property in controversy, and as a further answer and defense, set out in sixty-six paragraphs allegations bearing principally upon the financial condition of the plaintiff in 1941 and prior thereto.

When the cause came on for hearing, the defendant moved for judgment on the pleadings, and the plaintiff moved to strike all those sections from the further answer which allege in detail that certain judgments had been obtained against the plaintiff, and that other claims were in the hands of attorneys for collection, etc., on the ground that they were prejudicial, irrelevant, and immaterial to the matters at issue. After the jury was selected and impaneled, the court heard both motions. The motion to strike was allowed in part and denied in part. The plaintiff excepted.

With respect to the motion for judgment on the pleadings, his Honor made twenty-three separate findings of fact, and concluded, as a matter of law, that the defendant was entitled to judgment on the pleadings. Judgment was entered accordingly, and the plaintiff appeals and assigns error.

*E. R. Tyler, Wade H. Dickens, and Eric Norfleet for plaintiff, appellant.*

*Johnson & Branch, Allsbrook & Benton, and Gay & Midyette for defendant, appellee.*

DENNY, J. This Court recently held in the case of *Erickson v. Starling,* 235 N.C. 643, 71 S.E. 2d 384, that, "On a motion for judgment on the pleadings, the presiding judge should consider the pleadings, and nothing else . . . He should not hear extrinsic evidence, or make findings of fact. . . . If he concludes on his consideration of the pleadings that a material issue of fact has been joined between the parties, he should deny the motion in its entirety, and have the issue of fact tried and determined in the way appointed by law before undertaking to adjudicate the rights of the parties." And this decision was approved and followed in *Remsen v. Edwards, ante,* 427, where it was again pointed out that, "Issues of fact must be tried by a jury, unless trial by jury is waived. G.S. 1-172." There, as here, a jury trial was not waived, nor did the parties consent for the trial judge to find the facts.

Certain facts must be found by a jury before it can be determined whether a fiduciary relationship existed between the plaintiff and the defendant at the time the various transactions were consummated, which would, as a matter of law, raise a presumption of fraud as was the case in *Sorrell v. Sorrell,* 198 N.C. 460, 152 S.E. 157, and *McNeill v. McNeill,* 223 N.C. 178, 25 S.E. 2d 615. On the other hand, if it should be found that no fiduciary relationship existed between the parties at the time of

the execution and delivery of the conveyances involved, *Gaylord v. Gaylord,* 150 N.C. 222, 63 S.E. 1028, and similar cases, would seem applicable.

The judgment entered below is set aside, and the case is remanded for a new trial to the end that the material issues of fact raised by the pleadings may be submitted to a jury for decision. *Erickson v. Starling, supra.*

The court also erred in not allowing the plaintiff's motion to strike *in toto.* The defendant has the right to allege and prove that in 1941 the plaintiff was in difficult financial circumstances, but the matters and things which the plaintiff moved to strike are only evidentiary or immaterial to the matters at issue.

Error.