MATT T. EDWARDS, JR. v. LOUISE EDWARDS.

(Filed 18 March 1964.)

**1. Pleadings § 30—**

A motion for judgment on the pleadings is to be determined from an examination of the pleadings alone.

**2. Appeal and Error § 28—**

No case on appeal is required upon an appeal from a judgment on the pleadings since the record proper constitutes the case to be filed in the Supreme Court.

**3. Appeal and Error § 12—**

G.S. 1-287.1 does not apply when no case on appeal is required, and in such instance the judge of the Superior Court has no authority to dismiss the appeal for failure to file case on appeal.

**4. Pleadings § 30—**

A motion for judgment on the pleadings admits the truth of the facts well pleaded.

**5. Trusts § 14—**

Where a party furnishes the consideration for the purchase of land and title is taken in the name of another in violation of the agreement between them a resulting trust arises by operation of law.

**6. Pleadings § 30—**

Judgment on the pleadings is not favored by the law, and on motion for judgment on the pleadings the pleadings will be liberally construed with a view to substantial justice between the parties. G.S. 1-151.

**7. Ejectment § 6—**

Where, in an action in ejectment, the defendant alleges facts constituting a sufficient predicate for the declaration of a resulting trust in her favor, the pleadings raise material issues of fact and plaintiff is not entitled to judgment on the pleadings, and, further, the fact that defendant's further answer alleges that she had suffered a loss in a specific sum "in her sale of said premises prior to the filing of this action" will not be construed as an admission defeating defendant's defense, it not appearing that she had parted with all of her interest in the premises prior to the action.

APPEAL by defendant from a judgment on the pleadings entered by *Joseph W. Parker, J.,* at the August Session 1963 of NORTHAMPTON.

*James R. Walker, Jr., Samuel S. Mitchell, and Robert L. Harrell, Sr., for defendant appellant.*
*E. B. Grant for plaintiff appellee.*

PARKER, J. This action was instituted in superior court on 25 February 1963. The complaint alleges in substance: Both parties are citi-

zens and residents of Northampton County, North Carolina. Plaintiff is the owner of a certain tract or lot of land situate in Jackson Township, Northampton County, on which there is a dwelling house now occupied by defendant, which tract or lot of land is described with particularity. Defendant is a tenant at will on this property, and refuses his demand to surrender possession of it to him. He is entitled to immediate possession of this property and prays that a writ of ejectment issue removing defendant from the property and putting him in possession thereof.

Defendant filed an answer and a further answer and counterclaim. In her answer she denies the allegations of the complaint, except as admitted in her further answer and counterclaim, and except that she admits she is a citizen and resident of Northampton County. In her further answer and counterclaim she alleges in substance, except when quoted: Plaintiff obtained a verdict and judgment in an ejectment action against defendant in a justice of the peace's court. She made a motion at the special January Session 1963 of the superior court of Northampton County to vacate the judgment rendered in the justice of the peace's court on 27 October 1962, but the presiding judge "did not rule on said motion of the defendant but allowed plaintiff a judgment of nonsuit which judgment is dated January 16th, 1963, and is here pleaded as a bar to plaintiff's present action, for the reason that said action in Superior Court was derivative and only in the Superior Court for review of law errors and the judgment and the nonsuit ended plaintiff's right of action." When plaintiff and defendant were husband and wife, they entered into an agreement by which plaintiff was to use her money to purchase the house and lot described in the complaint as a homeplace. Plaintiff purchased the house and lot with her money, but failed to have the deed made in her name as agreed upon, and instead had title of the property made in his name and has refused to convey the property to her. In December 1962 she instituted a civil action in the superior court of Northampton County against plaintiff, entitled *Louise Edwards v. Matt T. Edwards*, to have defendant in this suit declared a trustee for her of the house and lot, the subject matter of this action, in that he had used her money to pay for the property and took title in his name contrary to the agreement between them. Plaintiff deceived her and caused her to believe that he had taken title to the property in her name, and she did not discover that he had taken title in his name until after he had separated from her and obtained a divorce from her. The reasonable market value of the house and lot is $5,000, "which value was lost to the defendant as a result of the plaintiff's failure to secure defendant a marketable title to said premises and that defendant suffered a loss of

$5,000.00 in her sale of said premises prior to the filing of this action by the plaintiff." Wherefore, she prays that plaintiff recover nothing in this action, and that she recover from him $5,000 as damages caused by his breach of his contract with her.

Plaintiff filed a reply to defendant's further answer and counterclaim in which he alleges in substance: He did obtain a verdict and judgment in a summary ejectment action in a justice of the peace's court against defendant as alleged in her further answer; that defendant appealed to the superior court; and that in the superior court plaintiff, upon his motion, was allowed to take a voluntary nonsuit. He admits defendant here instituted a suit against him in the superior court in December 1962 to establish a parol or resulting trust as alleged in her further answer and counterclaim; that this suit was calendared for trial at the August Session 1963 of the superior court; that when it was reached on the calendar for trial neither Louise Edwards, the plaintiff in this suit, nor her lawyer was present, that they were called and failed to appear, and the case was nonsuited. On 25 August 1963 Louise Edwards, by her lawyer James R. Walker, Jr., who is her present attorney of record, filed a motion to vacate the judgment of nonsuit, which motion was denied by Cowper, J., presiding judge at the Fall Session of the superior court.

At the August Session 1963 the instant suit came on to be heard by the presiding judge, Joseph W. Parker, on a motion by plaintiff for a judgment on the pleadings. Judge Parker in his judgment finds "that the defendant has admitted that title to the property described in the complaint is in the plaintiff, and that in defendant's Further Answer and Counterclaim, that she had sold all of her interest in the premises the subject of this action, prior to the filing of the action by the plaintiff," and being of the opinion that plaintiff's motion for judgment on the pleadings should be allowed, he ordered and adjudged that defendant be ejected from the premises described in plaintiff's complaint and that plaintiff be put in possession of the property and that defendant be taxed with the costs. From this judgment, defendant appealed to the Supreme Court.

Plaintiff filed a motion in this Court to dismiss defendant's appeal for the reason that Mintz, J., presiding at the January Term 1964 of the superior court of Northampton County, entered a judgment dismissing defendant's appeal to the Supreme Court from Judge Joseph W. Parker's judgment on the pleadings, for the reason that defendant failed to make up and serve a case on appeal on appellee or his counsel. Judge Mintz's judgment recites that he acted pursuant to the provisions of G.S. 1-287.1. From this judgment defendant appeals.

The sole question presented for decision by defendant's appeal from Judge Joseph W. Parker's judgment on the pleadings was the correct-

ness of this judgment, and this must be decided from an examination of the pleadings, and nothing else. *Erickson v. Starling*, 235 N.C. 643, 71 S.E. 2d 384; *Crew v. Crew*, 236 N.C. 528, 73 S.E. 2d 309. The only error relied on by appellant in her appeal from Judge Joseph W. Parker's judgment on the pleadings is presented by the record proper. Consequently, the record proper constitutes the case to be filed in this Court, and defendant was not required to serve it on appellee or his counsel. *Wilson v. Chandler*, 238 N.C. 401, 78 S.E. 2d 155; *Bishop v. Black*, 233 N.C. 333, 64 S.E. 2d 167; *Reece v. Reece*, 231 N.C. 321, 56 S.E. 2d 641; *Russos v. Bailey*, 228 N.C. 783, 47 S.E. 2d 22; *Privette v. Allen*, 227 N.C. 164, 41 S.E. 2d 364. Judge Mintz's judgment was improvidently entered, because G.S. 1-287.1 specifically provides that it "shall not apply in any case with respect to which there is no requirement to serve a case on appeal," as here. Appellant filed the record proper in apt time in this Court. Plaintiff's motion to dismiss the appeal is without merit.

Defendant contends in her brief that the instant action should be abated and dismissed for the reason that she appealed to the superior court from a verdict and judgment in an ejectment action obtained against her by plaintiff in a justice of the peace's court. Her appeal vacated this judgment, and the action was pending in the superior court for trial *de novo.* G.S. 1-299; *Pridgen v. Lynch*, 215 N.C. 672, 2 S.E. 2d 849; *Brake v. Brake*, 228 N.C. 609, 46 S.E. 2d 643. At the January Session 1963 of the superior court of Northampton County, plaintiff in this case on appeal from a justice of the peace was allowed by the presiding judge to take a voluntary nonsuit and to pay the costs. Plaintiff instituted the present action on 25 February 1963. McIntosh, N. C. Practice and Procedure, 2d Ed., Vol. 2, sec. 1643. This contention of defendant is not tenable.

Plaintiff alleges in his complaint that he is the owner of the house and lot therein described, that defendant refuses to surrender possession to him, and he prays for a writ to eject her and put himself in possession. Defendant in her further answer and counterclaim alleges that the house and lot were purchased with her money under an agreement between her husband and herself that title should be taken in her name, but instead that title was taken by plaintiff in his name alone, and that plaintiff is not entitled to recover anything in this action against her, and plaintiff, for the purpose of his motion for a judgment on the pleadings, admits, either directly or impliedly, the truth of these pleaded facts in defendant's further answer and counterclaim. 41 Am. Jur., Pleadings, sec. 335, where a legion of cases is cited to support the text. Hence, accepting as true these allegations of fact in defendant's further answer and counterclaim for the purpose of passing on the judgment on the

pleadings, a resulting trust, which is a creature of equity, arises in defendant's favor by implication or operation of law to carry out the presumed intention of the parties, that she, who furnished the consideration for the purchase of the house and lot, intended the purchase for her own benefit, and, therefore, plaintiff would not be entitled to have her ejected from the premises and to have himself put in possession thereof. *Lyon v. Akin,* 78 N.C. 258; *Cunningham v. Bell,* 83 N.C. 328; *Deese v. Deese,* 176 N.C. 527, 97 S.E. 475; *Wise v. Raynor,* 200 N.C. 567, 157 S.E. 853; *Bullman v. Edney,* 232 N.C. 465, 61 S.E. 2d 338; 89 C.J.S., Trusts, sec. 127, b, p. 986-988.

The trial judge in his judgment "finds that the defendant has admitted that title to the property described in the complaint is in the plaintiff, and that in defendant's Further Answer and Counterclaim, that she had sold all of her interest in the premises the subject of this action, prior to the filing of the action by the plaintiff." This finding of the trial judge is based on paragraph 2, d, of the further answer and counterclaim, which reads: "That the reasonable market value of said premises is $5,000.00 which value was lost to the defendant as a result of the plaintiff's failure to secure defendant a marketable title to said premises and that defendant suffered a loss of $5,000.00 in her sale of said premises prior to the filing of this action by the plaintiff."

G.S. 1-151 requires that the allegations of a pleading shall be liberally construed for the purpose of determining their effect and with a view to substantial justice between the parties. A motion for judgment on the pleadings "is not favored by the courts; pleadings alleged to state no cause of action or defense will be liberally construed in favor of the pleader." 41 Am. Jur., Pleadings, sec. 336.

The quoted language from the further answer and counterclaim is far from clear. If the reasonable market value of the house and lot is $5,-000, it seems incredible that defendant suffered a loss of $5,000 in the sale of it, if as plaintiff contends and the judge found that she admitted in her further answer and counterclaim she had sold it prior to the institution of the instant action. Clearly, defendant in her further answer and counterclaim has stated a defense sufficient in law to the cause of action alleged by plaintiff, and construing liberally her further answer and counterclaim in her favor, she has not in our opinion admitted in paragraph 2, d, of her further answer and counterclaim that she has actually sold all her interest in the house and lot described in the complaint, so that she no longer has an interest in the house and lot and has destroyed thereby her defense to plaintiff's action.

The pleadings in the instant case raise material issues of fact as to whether plaintiff is the owner of the house and lot described in the com-

plaint and entitled to the possession thereof, or whether a resulting trust in favor of defendant arises by implication or operation of law in respect to the house and lot so that plaintiff would not be entitled to eject her from the possession thereof and be placed in possession himself. The judgment upon the pleadings was improvidently entered and is set aside, and the case is remanded for a new trial in order that the material issues of fact raised by the pleadings may be submitted to a jury for decision. *Crew v. Crew, supra.*

The record proper shows that Judge Joseph W. Parker fixed bond to stay execution on his judgment in the sum of $1,500.

Defendant in her counterclaim prays that she recover $5,000 as damages caused by plaintiff's breach of their contract in failing to secure her a marketable title to the house and lot. The facts she alleges in respect thereto are so meager and obscure that it is impossible to determine whether in this respect she has alleged any cause of action at all.

Error.