ALICE VAN DEUSEN POWELL v. DR. WILLIAM F. POWELL.

(Filed 20 September, 1967.)

1. **Pleadings § 30—**
    Judgment on the pleadings is proper only when the pleadings fail to present any issue of fact for the determination of a jury.

2. **Divorce and Alimony § 21—**
    Allegations in the amended answer admitting that plaintiff and defendant signed a separation agreement but denying that defendant promised

to pay plaintiff for her support monthly periodic payments as stipulated in the agreement, and denying plaintiff's allegations that defendant had defaulted in making such payments, raises an issue of fact for the determination of the jury in plaintiff's action to recover the amounts alleged to be in default, irrespective of whether defendant's further answer and defense sufficiently alleged that the signing of the agreement was induced by coercion, threats and intimidations.

APPEAL from *Bryson, J.,* 22 May 1967 Civil Session of BUNCOMBE.

This is a civil action based on a separation agreement and an agreement on a property settlement entered into by plaintiff and defendant prior to divorce decree granted them on or about 10 July 1962.

The complaint, in substance, alleges: Plaintiff and defendant, a doctor of medicine, were married to each other on 21 April 1934. On 10 July 1962, in a divorce proceeding brought in the General County Court of Buncombe County by Dr. Powell, a judgment was entered dissolving the marriage of plaintiff and defendant on the grounds of two years' separation. Prior to said divorce proceedings and on 1 September 1960, plaintiff and defendant entered into a separation agreement and agreement on a property settlement. Prior to said separation agreement and property settlement agreement, defendant here, in consideration of agreement of plaintiff to enter into said separation agreement and property settlement agreement, promised to pay to plaintiff here, for her separate support and maintenance, monthly periodic payments payable on or before the 10th day of each month, commencing with the month of September, 1960. Commencing in September, 1960, and including June, 1964, defendant paid to the plaintiff the sum of $1000 each month. During the months of July and August, 1964, defendant did not pay all of the $1000 due each month; but on or about 1 November 1965, defendant paid to the plaintiff the $1000 for the months of July and August, 1964, for which he was delinquent. Defendant has defaulted in the monthly payments due for the months of September, 1964, through 1 November 1965, and he is now delinquent in the sum of $500 for each month commencing 1 September 1964 and including 1 November 1965, and defendant is justly due plaintiff on said property settlement agreement the sum of $7500 to and including 1 November 1965; but, notwithstanding repeated demands made of the defendant, he has failed and still refuses to pay the plaintiff here the amounts due under said contract. Wherefore, plaintiff prays that she recover judgment from the defendant in the sum of $7500.

Defendant filed an answer in which he admits that he and plaintiff signed a purported separation agreement on 1 September 1960, but he denies that he promised to pay her for her separate support

and maintenance monthly periodic payments, payable on or before the 10th day of each month, commencing with the month of September, 1960. In his answer he admits that on or about 1 November 1965 he paid plaintiff the sum of $1000. He admits in his answer that plaintiff has made demands on him for the sum of $7500 which he has failed to pay, but he avers that he is not indebted to plaintiff in that amount because of any default in monthly payments under the property settlement agreement. In a further answer and defense defendant alleges that the purported separation agreement between plaintiff and himself was not valid but was the product of coercion, threats and intimidations on the part of plaintiff.

Upon motion of the plaintiff that defendant be made to make his further answer and defense more definite in respect to the alleged coercion, threats and intimidations on the part of plaintiff, defendant filed an amended answer. The amended answer is a verbatim copy of the original answer except he attempts to state with particularity the coercion, threats and intimidations on the part of plaintiff that induced him to sign the purported separation and property settlement agreement.

Plaintiff filed a reply to the amended answer denying that the separation and property settlement agreement was entered into as the result of any coercion, threats and intimidations on her part.

From a judgment entered upon the pleadings upon motion of the plaintiff, defendant appeals to the Supreme Court.

*Williams, Williams and Morris by William C. Morris, Jr., and James F. Blue, III, for defendant appellant.*
*Loftin & Loftin for plaintiff appellee.*

PER CURIAM. A judgment on the pleadings is proper only when the pleadings fail to present any issue of fact for the determination of a jury. *Reidsville v. Burton,* 269 N.C. 206, 152 S.E. 2d 147, and cases cited. In *Erickson v. Starling,* 235 N.C. 643, 71 S.E. 2d 384, the Court said: "When a party moves for judgment on the pleadings, he admits these two things for the purpose of his motion, namely: (1) The truth of all well-pleaded facts in the pleading of his adversary, together with all fair inferences to be drawn from such facts; and (2) the untruth of his own allegations in so far as they are controverted by the pleading of his adversary."

In *Edwards v. Edwards,* 261 N.C. 445, 135 S.E. 2d 18, the Court said: "G.S. 1-151 requires that the allegations of a pleading shall be liberally construed for the purpose of determining their effect and with a view to substantial justice between the parties. A motion for judgment on the pleadings 'is not favored by the courts;

pleadings alleged to state no cause of action or defense will be liberally construed in favor of the pleader.' 51 Am. Jur., Pleadings, sec. 336."

The separation and property settlement agreement is not attached to the complaint, nor made a part thereof, and the allegation in the complaint as to its contents are meager and not definite as to the length of time the monthly payments to plaintiff should continue. The answer and the amended answer admit that plaintiff and defendant signed the purported separation agreement on 1 September 1960, but the amended answer denies that defendant promised to pay to plaintiff for her separate support and maintenance monthly periodic payments payable on or before the 10th day of each month commencing with the month of September, 1960. The amended answer further denies that defendant has defaulted in any monthly payments, and specifically denies that he is indebted to plaintiff in the sum of $7500 because of any default in monthly payments under the property settlement agreement. On these material questions the amended answer raises issues of fact, and this is true even if the allegations of alleged coercion, threats and intimidations on the part of the plaintiff, contained in defendant's further answer and defense, are conclusions of law and raise no issue of fact as contended by plaintiff, which question is not necessary for us to decide on this appeal. Such being the case, the judgment on the pleadings was improvidently entered, and is

Reversed.