FRANCES GUESS HOLSOMBACK v. JOSEPH B. HOLSOMBACK.

(Filed 22 May 1968.)

**1. Appeal and Error § 16—**

G.S. 1-287.1 does not apply when no case on appeal is required, and in such case the judge of the Superior Court has no authority to dismiss the appeal for failure to file case on appeal.

**2. Appeal and Error § 35—**

No case on appeal is required where appellant's assignments of error all relate to the record proper, the only requirement being that appellant docket his appeal within the time required by the rules of the Supreme Court.

**3. Notice § 2—**

Statutory requirements with reference to notice are strictly construed where the giving of notice must be relied upon to divest the recipient of a right.

**4. Judgments § 10—**

A consent judgment can be modified or set aside only by the consent of the parties or by an independent action based on fraud or mistake.

**5. Divorce and Alimony § 11—**

A consent judgment with reference to the payment of future install-ments of alimony is subject to modification by the court in the event of changed conditions.

HUSKINS, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *May, S.J.,* 24 July 1967 Civil Session of DURHAM, docketed and argued at the Fall Term 1967 as Case No. 772.

Plaintiff commenced this action against her husband on 10 May 1962 for alimony without divorce and the custody of their 14-year-old daughter, Charlotte. Plaintiff alleged that defendant, a gainfully employed mechanic, had abandoned her without cause and had failed to provide adequate support for her and the child. Answering the complaint, defendant admitted his obligation to support his wife and daughter and that plaintiff was the proper person to have custody of the child. He asked the court to set alimony and subsistence in a reasonable amount.

Plaintiff moved before Hobgood, J., on 18 May 1962 for allowances *pendente lite.* For the purpose of that hearing, defendant stipulated that he had abandoned plaintiff without just cause. Judge Hobgood awarded custody to plaintiff and ordered defendant to pay into court the sum of $40.00 per week for the support of his wife and child. He also gave plaintiff possession of the residence, which

the parties owned as tenants by the entirety, and directed defendant to pay the taxes, insurance and mortgage payments on the property.

On 3 June 1964, upon plaintiff's affidavit that defendant was then in arrears with the payments ordered by Judge Hobgood, Judge Mallard ordered defendant to show cause on 9 June 1964 why he should not be attached for contempt. However, the record does not disclose any proceedings based upon this order. On 11 February 1965, upon plaintiff's affidavit that defendant was $1,164.00 in arrears, Judge Johnson directed defendant to show cause why he should not be punished for contempt. On 17 February 1965, during a hearing begun before his Honor, Hubert E. May, defendant's attorney suggested that the parties be given an opportunity to discuss a settlement of their differences. The matter was continued for that purpose. Sometime prior thereto, in the Durham County Civil Court, defendant had instituted an action for divorce, which plaintiff was contesting.

On 24 February 1965, plaintiff filed an affidavit in which she averred that in the course of their discussions the parties did reach a settlement, which they reported to Judge May; that he approved and directed the attorneys to prepare a consent judgment; that the following day defendant reneged and refused to sign the judgment. Plaintiff also alleged, *inter alia*, that defendant was then $1,341.50 in arrears with the payments ordered by Judge Hobgood. Upon this affidavit an order to show cause was issued and served upon defendant on 25 February 1965.

Thereafter, on 17 March 1965, Johnson, J., entered a consent judgment, which was also signed by the parties and their attorneys. After rehearsing the history of the case, the judgment recited the agreement, which is summarized as follows:

(1)   The facts found by Judge Hobgood in his judgment of 18 May 1962 are true.

(2.)   Plaintiff is granted full custody and control of Charlotte Holsomback.

(3)   Defendant will transfer to plaintiff his interest in their 1953 Oldsmobile.

(4)   The real estate owned by the parties as tenants by the entirety will be appraised by three appraisers selected in a specified manner. If defendant does not wish to purchase the property, it will be sold by the attorneys for the parties (as commissioners appointed by the court) at either public or private sale, and the proceeds equally divided between plaintiff and defendant. Until this property settlement is fully consummated, the judgment entered by Hob-

good, J., on 18 May 1962 will remain in full force and effect. Upon the final settlement, defendant shall pay plaintiff the full amount of all his arrearages.

(5) Beginning one week after the property settlement is made, defendant will pay into the office of the Clerk of the Superior Court of Durham County the sum of $30.00 per week during the minority of Charlotte Holsomback or until she finishes school and becomes self-supporting, whichever occurs first. Thereafter, as permanent alimony, defendant will pay plaintiff the sum of $15.00 per week until her death or remarriage.

(6) Plaintiff will withdraw her answer and not contest the divorce action which defendant has instituted in the Durham County Court and, upon consummation of the property settlement, she will make no further claim against defendant.

Judge Johnson approved the foregoing agreement and specifically ordered, adjudged and decreed its performance by the parties.

On 23 June 1967, plaintiff filed her fourth affidavit and motion that defendant be required to show cause why he should not be adjudged in contempt for failure to comply with the orders of the court. She alleged, *inter alia:* (1) The commissioners were unable to sell the residence of the parties at its appraised value of $7,500.00. From 17 March 1965 until 18 July 1966, when plaintiff had to vacate the house because she could not maintain it in a habitable condition, she herself was forced to make the mortgage payments on it. On 15 January 1967, the house was sold for $5,500.00, and plaintiff received the sum of $2,391.83, the parties' equity in the premises. (2) As of 31 December 1966, defendant was $2,473.86 in arrears with the payments which Judge Hobgood had ordered. After crediting him with his one-half of the proceeds from the sale of the residence, he remained $1,277.94 in arrears. (3) The parties still own as tenants by the entirety a farm which has been appraised at $4,800.00.

In his answer to plaintiff's verified motion, defendant alleged, *inter alia,* that he was willing to pay plaintiff one-half of the appraised value of the farm in full settlement of his obligation to her. He prayed (1) that he be released from any further obligation to support his wife and that an adequate sum be fixed for the support of his daughter until she became self-sustaining; (2) that plaintiff be ordered to convey her interest in the farm to him upon the receipt of $2,400.00; and (3) that he be allowed to proceed with his divorce action.

The motion came on for hearing before Judge May on 24 July 1967. Upon the "oral arguments by both attorney for the petitioner and attorney for the respondent," he found the following facts: (1)

defendant is in arrears in the amount of $2,763.86; (2) "there was some type of consent judgment entered into, on or about the 17th day of March 1965, and signed by his Honor W. A. Johnson"; and (3) "the stipulations set forth in said judgment were not carried out and executed by either party." Upon these findings, Judge May set aside the consent judgment which the parties and Judge Johnson had signed on 17 March 1965 and decreed that the order entered by Judge Hobgood on 18 May 1962 "is in full force and effect as if no consent order had been entered into by the parties hereto." He directed defendant to pay all arrearages to date; that he *"be given full credit for the proceeds from the sale of the house owned by the parties hereto"* (emphasis added); and that he continue to make the payments which Judge Hobgood had ordered. He also directed defendant to pay plaintiff's counsel the sum of $400.00 for services rendered to date.

Plaintiff excepted to the foregoing judgment and appealed. She was allowed 45 days in which to serve statement of case on appeal. Appeal bond in the sum of $200.00 was adjudged sufficient. No case on appeal was ever served. On 11 October 1967, defendant filed in the Superior Court a motion to dismiss the appeal for failure to serve statement of case on appeal and to post the required appeal bond. Notice of this motion was served upon plaintiff's counsel on 12 October 1967. Four days thereafter, on 16 October 1967, Judge Pou Bailey signed an order dismissing plaintiff's appeal on the grounds set forth in the motion. Counsel for plaintiff were not present when this order was entered and gave no notice of appeal from it. Subsequently, on 26 October 1967, plaintiff docketed her appeal in the Supreme Court. At the same time the appeal bond, justified on 8 August 1967 before the Clerk of the Superior Court of Durham County, was filed with the Clerk of this Court. On 12 December 1967, defendant filed a motion in this Court to dismiss plaintiff's appeal upon the ground that she had not appealed from Judge Bailey's order dismissing her appeal from Judge May's judgment.

*Lester W. Owen for plaintiff appellant.*
*Weatherspoon & Pulley by Joe C. Weatherspoon; Hofler, Mount & White by Richard M. Hutson, II, for defendant appellee.*

SHARP, J. When statement of case on appeal to the Supreme Court has not been served on the appellee within the time allowed, G.S. 1-287.1 requires the Superior Court judge, upon motion by the appellee, to enter an order dismissing the appeal "provided the appellant has been given at least five (5) days' notice of such motion."

This section further specifically provides that it "shall not apply in any case with the respect to which there is no requirement to serve a case on appeal."

The only question posed by this appeal is whether Judge May had authority to set aside the consent judgment entered by Johnson, J., on 17 March 1965. Appellant's assignments of error all relate to the record proper. Therefore, she was not required to serve a case on appeal upon defendant. *Rouse v. Rouse,* 238 N.C. 568, 78 S.E. 2d 451. In *Edwards v. Edwards,* 261 N.C. 445, 135 S.E. 2d 18, the defendant, appealing from a judgment on the pleadings, failed to serve a case on appeal. Upon the appellee's motion, made under G.S. 1-287.1, the judge dismissed her appeal. Notwithstanding, in apt time, she docketed it in this Court. In denying the plaintiff's motion to dismiss the appeal, Parker, C.J., said, "The only error relied on by appellant in her appeal . . . is presented by the record proper. Consequently, the record proper constitutes the case to be filed in this Court, and defendant was not required to serve it on appellee or his counsel. . . . Appellant filed the record proper in apt time in this Court. Plaintiff's motion to dismiss the appeal is without merit." *Id.* at 448, 135 S.E. 2d at 20-21.

Similarly, in this case, the only requirement was that appellant docket her appeal within the time required by the rules of this Court. This she did. Judge Bailey could not deprive plaintiff of the right to have this Court review her case for errors appearing upon the record proper. 1 Strong, N. C. Index, Appeal and Error § 21 (1957). We also note that, at the time Judge Bailey dismissed her appeal, appellant had not had the five days' notice which G.S. 1-287.1 requires. Statutory requirements with reference to notice are strictly construed where the giving of notice must be relied upon to divest the recipient of a right. *In re Appeal of Harris,* 273 N.C. 20, 159 S.E. 2d 539. Appellant's motion to dismiss plaintiff's appeal is denied.

In the consent judgment which Judge May purported to set aside, the parties agreed upon a division of their property and upon the amount of alimony which defendant should pay plaintiff until her death or remarriage. This judgment was not only a contract between the parties; it was also a decree of the court. The order with reference to the payment of future installments of alimony was, therefore, subject to modification by the court in the event of changed conditions. The agreed division of property, a separable provision, however, was beyond the power of the judge to modify without the consent of both parties. *Bunn v. Bunn,* 262 N.C. 67, 136 S.E. 2d 240; *Briggs v. Briggs,* 178 Ore. 193, 165 P. 2d 772, 166 A.L.R. 666. In

respect to its property provisions, the judgment of 17 March 1965 is an ordinary consent judgment which, absent the consent of the parties thereto, can be modified or set aside only for fraud or mistake in an independent action. *King v. King,* 225 N.C. 639, 35 S.E. 2d 893; *Keen v. Parker,* 217 N.C. 378, 8 S.E. 2d 209.

. Judge May did not purport to exercise his right to modify the alimony provision of the consent judgment. Plaintiff did not agree either to modify or vacate it in any respect. Judge May, therefore, had no authority to set it aside or to direct that plaintiff's one-half of the net proceeds of the sale of the residence be credited upon defendant's arrearages under Judge Hobgood's judgment.

The judgment of 26 July 1967 from which plaintiff appeals is
Reversed.

HUSKINS, J., took no part in the consideration or decision of this case.