TOWN OF BLADENBORO v. HOWARD McKEITHAN AND WIFE, LILLIE
MAE McKEITHAN, DARRELL D. McDONALD AND WIFE, GUSSIE
DEAVER McDONALD, AND FERRIS GERALD HESTER AND WIFE,
VIVIAN S. HESTER

No. 7913DC449

(Filed 8 January 1980)

**Taxation § 41 — action to obtain tax lien — failure to allege specific defense — judgment on pleadings**

> The trial court properly entered judgment on the pleadings for plaintiff
> town in an action to obtain and foreclose a tax lien against defendants' proper-
> ty where defendants' answers generally denied that they owe taxes to the
> town for certain years but failed to assert any defense as provided by G.S.
> 105-381(a)(1) and failed to allege that defendants have made a demand to the
> town for release of the taxes by submitting a written statement of their
> defense to payment or enforcement of the taxes pursuant to G.S. 105-381(a)(2).

> Judge CLARK dissenting.

APPEAL by defendants from *Wood, Judge.* Judgment entered
6 December 1978 in District Court, BLADEN County. Heard in the
Court of Appeals 7 December 1979.

The Town of Bladenboro (Town) filed three complaints
against the six defendants, husbands and wives and citizens of
Bladen County, alleging that the Town is a body politic having
authority to levy taxes against real and personal property; that
all defendants owned real property in Bladenboro Township; that
each defendant listed taxes for the years 1971 through 1975; and
that the taxes levied during that period are unpaid. The Town
sought to obtain tax liens against the properties and sought to
have a commissioner appointed to sell the properties.

An answer was filed by each defendant, husband and wife,
admitting the Town's authority to levy taxes; admitting that each
defendant was a citizen and resident of the county; but denying
that each owed taxes for 1971, 1972, and 1973. Each answer ad-
mitted that each defendant owed taxes for 1974 and 1975.

A hearing was held on the Town's motion for judgment upon
the pleadings or, alternatively, for summary judgment. The court
reviewed the complaint, answers, and affidavit of the Town's at-
torney (which does not appear of record), and applicable statutes

and cases. The trial court entered judgment in favor of the Town against defendants. Defendants appealed.

*Chandler, Hill & Womble, by Joseph B. Chandler, Jr., for plaintiff appellee.*

*John C. B. Regan III, for defendant appellants.*

ERWIN, Judge.

Defendants contend the trial court erred by granting the motion for summary judgment or judgment on the pleadings in plaintiff's favor. We do not agree and affirm the judgment entered.

Where a motion for summary judgment is made along with a motion for judgment on the pleadings and the record on appeal contains no affidavits, answers to interrogatories, or anything else other than the pleadings upon which to base the decision, the court's entry of judgment will be deemed to have been made under G.S. 1A-1, Rule 12(c), of the Rules of Civil Procedure. *Reichler v. Tillman*, 21 N.C. App. 38, 203 S.E. 2d 68 (1974).

Justice Huskins stated for our Supreme Court in *Ragsdale v. Kennedy*, 286 N.C. 130, 136-37, 209 S.E. 2d 494, 499 (1974):

> "Motion for judgment on the pleadings is authorized by Rule 12(c) of the North Carolina Rules of Civil Procedure. G.S. 1A-1, Rule 12(c) (1969). The motion operates substantially the same as under the code system before adoption of the new rules of civil procedure. *See Powell v. Powell*, 271 N.C. 420, 156 S.E. 2d 691 (1967); *Reidsville v. Burton*, 269 N.C. 206, 152 S.E. 2d 147 (1967); *Edwards v. Edwards*, 261 N.C. 445, 135 S.E. 2d 18 (1964); 6 Strong, North Carolina Index 2d, Pleadings, § 38 (1968).

> North Carolina's Rule 12(c) is identical to its federal counterpart. The rule's function is to dispose of baseless claims or defenses when the formal pleadings reveal their lack of merit. A motion for judgment on the pleadings is the proper procedure when all the material allegations of fact are admitted in the pleadings and only questions of law remain. When the pleadings do not resolve all the factual issues, judgment on the pleadings is generally inappropriate. 5

Wright and Miller, Federal Practice and Procedure, § 1367 (1969).

Judgment on the pleadings is a summary procedure and the judgment is final. *See* James, Civil Procedure § 6.17 (1965). Therefore, each motion under Rule 12(c) must be carefully scrutinized lest the nonmoving party be precluded from a full and fair hearing on the merits. The movant is held to a strict standard and must show that no material issue of facts exists and that he is clearly entitled to judgment. *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner and Smith, Inc.*, 479 F. 2d 478 (6th Cir. 1973).

The trial court is required to view the facts and permissible inferences in the light most favorable to the non-moving party. All well pleaded factual allegations in the nonmoving party's pleadings are taken as true and all contravening assertions in the movant's pleadings are taken as false."

Accepting defendants' factual allegations as true, we, nevertheless, affirm the trial court's entry of judgment.

G.S. 105-381(a)(1), (2), and (3) provide:

"*Taxpayer's remedies.* — (a) Statement of Defense. — Any taxpayer asserting a valid defense to the enforcement of the collection of a tax assessed upon his property shall proceed as hereinafter provided.

(1) For the purpose of this subsection, a valid defense shall include the following:

a. A tax imposed through clerical error;

b. An illegal tax;

c. A tax levied for an illegal purpose.

(2) If a tax has not been paid, the taxpayer may make a demand for the release of the tax claim by submitting to the governing body of the taxing unit a written statement of his defense to payment or enforcement of the tax and a request for release of the tax at any time prior to payment of the tax.

(3) If a tax has been paid, the taxpayer, at any time within three years after said tax first became due or within six months from the date of payment of such tax, whichever is the later date, may make a demand for a refund of the tax paid by submitting to the governing body of the taxing unit a written statement of his defense and a request for refund thereof."

The answers of defendants failed to raise any defenses as provided by G.S. 105-381(a)(1). Defendants did not allege that they, as taxpayers, have made demand for release of the taxes claimed by submitting to the Town of Bladenboro a written statement of their defense to payment or enforcement of the taxes. *See* G.S. 105-381(a)(2).

Justice Barnhill (later Chief Justice) stated for our Supreme Court in *Development Co. v. Braxton*, 239 N.C. 427, 429, 79 S.E. 2d 918, 920 (1954): "Ordinarily the sovereign may not be denied or delayed in the enforcement of its right to collect the revenue upon which its very existence depends. This rule applies to municipalities and other subdivisions of the State Government."

The General Assembly, through the enactment of G.S. 105-381(a), has directed the course a taxpayer must follow in a case where the governing body of a taxing unit has instituted an action to enforce its right to collect taxes.

The trial court, in reviewing the answers in the light most favorable to defendants and giving defendants all permissible inferences, correctly concluded that plaintiff's Rule 12(c) motion should have been allowed. We are aware that defendants denied owing the taxes for the years 1971, 1972, and 1973; however, such general denials were not sufficient to withstand plaintiff's motion in light of the above statutory restrictions. Defendants did not elect to amend their answer prior to a hearing on the motion of plaintiff by the trial court. If defendants had paid the taxes in question, they were under a duty pursuant to G.S. 1A-1, Rule 8(c), of the Rules of Civil Procedure to allege payment as an affirmative defense.

The trial court considered the statute in question, compared defendants' answer with the statute, and found that no statutory defenses or payment were alleged. The Town met the standard of

Rule 12(c) that no material issue of fact existed and that it was entitled to judgment.

Judgment affirmed.

Judge ARNOLD concurs.

Judge CLARK dissents.

Judge CLARK dissenting.

Since the majority opinion concedes that the appeal is from a judgment on the pleadings rather than summary judgment, the sole question is whether defendants were required to allege an affirmative defense under G.S. 1A-1, Rule 8(c). Defendants in their answer, responding to an averment in the complaint, "specifically denied that defendants owe any taxes to the Town of Bladenboro for the years of 1971, 1972, and 1973." The majority takes the view that defendants were required by G.S. 105-381(a)(1), (2), and (3) (quoted in the opinion) to allege as an affirmative defense any *valid defense* to plaintiff's claim.

G.S. 105-381(a) and (b) provide to the taxpayer a pretrial remedy for contesting a tax claim, both before and after the tax has been paid, and action of the governing body in response thereto. Subsections (c) and (d) of the statute relate to taxpayer suits for recovery of property taxes. None of the subsections deal with standards for pleading in contested actions for tax liability.

It is my opinion that G.S. § 105-381 simply provides a remedy to taxpayers as well as procedures for pursuing the remedy. The statute was not intended to, and does not, require that a taxpayer assert all defenses as affirmative defenses in an answer to the complaint filed by a taxing unit. Nor, in fact, is a denial to an allegation of tax liability an affirmative defense. In Shuford, N.C. Civil Practice and Procedure, Sec. 8-7, at 71, the author explains: "Generally a defense which contests one of the material allegations of the complaint is not an affirmative defense, since it involves an element of plaintiff's prima facie case."

The trial court's action in effect, in one fell swoop, established a lien on the property and directed that foreclosure be car-

ried out. Yet when defendants in their answer denied taxes due for 1971, 1972, and 1973, an issue was raised concerning the validity of allegations in the complaint. In my mind the dismissal of the action at this stage contravened G.S. § 105-374(j), which relates to foreclosure of tax liens, and which specifically contemplates providing for a trial where there is "an answer raising an issue requiring trial."

Whether it is an issue "requiring trial" is another question. In this case the issue as to whether taxes were due for the years 1971, 1972, and 1973 may have been determined by summary judgment if plaintiff had properly offered supporting material for its motion. Plaintiff, however, did not serve the affidavit upon defendants. Defendants never had an opportunity to properly argue their position as to why taxes were not due in 1971, 1972 and 1973. Consequently, I have some difficulty in giving weight to plaintiff's argument that no issue was raised by the pleadings after he moved for summary judgment rather than judgment on the pleadings.

I vote to reverse and remand for determination of the issue raised.