The facts were agreed to by the parties, and the clerk rendered judgment in favor of J. W. McDonald, respondent. The petitioner excepted, assigned error and appealed to the Superior Court. The facts will not be set forth, as the material ones are in the judgment of the court below.
On appeal to the Superior Court the following judgment was rendered: "This cause coming on to be heard upon appeal from an order of the clerk of the Superior Court upon the agreed statement of facts appearing of record, and being heard before his Honor, Frank S. Hill, judge holding the September, 1937, Special Term of the Superior Court of Mecklenburg County, and it appearing to the court that the question presented by this appeal relates to the priority as between successive assignees of the same judgment to the proceeds of said judgment which have come into the hands of the clerk by virtue of an execution on a junior or subsequent judgment, that it is to say: S. J. Biggers, judgment creditor, sold and assigned the judgment in question to Herbert Irwin, *Page 491 
trustee, for the use and benefit of the petitioner, and thereafter sold and assigned the same judgment to J. W. McDonald, respondent; and it further appearing to the court that said second or subsequent assignment to the said J. W. McDonald was first entered on the judgment, and without notice of said prior assignment to Herbert Irwin, trustee; and it further appearing to the court that all the right, title, lien and interest of the said S. J. Biggers in said judgment passed to said Herbert Irwin, trustee, under said prior assignment, and the said judgment creditor having no further interest in, or control over, said judgment, no right or interest therein was created by said second or subsequent assignment to J. W. McDonald. That while the court is of the opinion that as a matter of public policy the assignment of a judgment should be entered upon the judgment docket as notice of ownership, the court is also of the opinion that this is a matter for the Legislature to determine, and is not within the province of the courts. It is therefore, on motion of the petitioner, ordered and adjudged that the order of the clerk in this cause be vacated and set aside, and that the clerk issue an order directing that the proceeds of said judgment be paid to Herbert Irwin, trustee, to be disbursed by him according to the provisions of his said trust, and to that end this cause is hereby remanded to the clerk. This 25 September, 1937.
 FRANK S. HILL, Special Judge Presiding."
To the signing and entering of the foregoing judgment J. W. McDonald excepted, assigned error, and appealed to the Supreme Court.
The respondent, J. W. McDonald's only exception and assignment of error is to the signing of the judgment in the court below. This exception and assignment of error cannot be sustained.
(1) The petitioner, appellee, claims the fund in controversy under an assignment of the judgment made by S. J. Biggers, on 14 September, 1936.
(2) The respondent, J. W. McDonald, claims an assignment thereafter, on 5 November, 1936, and priority, as same was recorded on the judgment docket.
In the facts found it appears: "That said second or subsequent assignment of said judgment to J. W. McDonald, as aforesaid, was entered on said Judgment Docket W, page 243, and thereafter said prior assignment made to Herbert Irwin, trustee, as aforesaid, was entered on said judgment docket." *Page 492 
The question presented on this appeal is: "Does a subsequent assignee of a judgment for a valuable consideration, and without notice of prior assignment, whose assignment is recorded on the judgment docket, have a prior right to that of the first assignee of said judgment who neglects to have his assignment entered on the judgment docket?" We think not.
The beneficent "Connor Act" — N.C. Code, 1935 (Michie), sec. 3311, is as follows: "No deed of trust or mortgage for real or personal estate shall be valid at law to pass any property as against creditors or purchasers for a valuable consideration from the donor, bargainor, or mortgagor, but from the registration of such deed of trust or mortgage in the county where the land lies; or in case of personal estate, where the donor, bargainor, or mortgagor resides; or in case the donor, bargainor, or mortgagor resides out of the State, then in the county where the said personal estate, or some part of the same, is situated; or in case of choses in action, where the donee, bargainee, or mortgagee resides. For the purposes mentioned in this section the principal place of business of a domestic corporation is its residence."
Section 2418: "Whenever any judgment of the Superior Court of the county in which the registered estate is situated shall be duly docketed in the office of the clerk of the Superior Court, it shall be the duty of the clerk to certify the same to the register of deeds. The register of deeds shall thereupon enter the certificate of title, the date, and the amount of the judgment, and the same shall be a lien upon such land as fully as such docketed judgment would be a lien upon unregistered lands of the judgment debtor."
Section 614: "Upon filing a judgment roll upon a judgment affecting the title of real property, or directing in whole or in part the payment of money, it shall be docketed on the judgment of the Superior Court of the county where the judgment roll was filed, and may be docketed on the judgment docket of the Superior Court of any other county upon the filing with the clerk thereof a transcript of the original docket, and is a lien on the real property in the county where the same is docketed of every person against whom any such judgment is rendered, and which he has at the time of the docketing thereof in the county in which such real property is situated, or which he acquires at any time thereafter, for ten years from the date of the rendition of the judgment. But the time during which the party recovering or owning such judgment shall be, or shall have been, restrained from proceeding thereon by an order of injunction, or other order, or by the operation of any appeal, or by a statutory prohibition, does not constitute any part of the ten years aforesaid, as against the defendant in such judgment, or the party obtaining such orders or making such appeal, or any other person who is not a purchaser, creditor, or mortgagee in good faith." *Page 493 
Section 446: "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided; but this section does not authorize the assignment of a thing in action not arising out of contract. An action may be maintained by a grantee of real estate in his own name, when he or any grantor or other person through whom he derives title might maintain such action, notwithstanding the conveyance of the grantor is void, by reason of the actual possession of a person claiming under a title adverse to that of the grantor, or other persons at the time of the delivery of the conveyance. In case of an assignment of a thing in action the action by the assignee is without prejudice to any set-off, or other defense, existing at the time of, or before notice of, the assignment; but this does not apply to a negotiable promissory note or bill of exchange, transferred in good faith, upon good consideration and before maturity."Petty v. Rousseau, 94 N.C. 355 (363); Casket Co. v. Wheeler, 182 N.C. 459
(468); 6 C. J., Secundum, p. 1052 (Assignments).
We set forth fully all the statutes in this State which have a bearing on the controversy. We can find no statute that requires the transfer of a judgment to be recorded on the judgment docket. It is like the transfer of any chose in action. The Connor Act, supra, does not go so far.
In 4 Cyc., pp. 32 and 33, section 4, speaking to the subject, we find: "As between assignor and assignee it is not necessary to the validity of an assignment that the debtor be notified thereof; and, as between successive assignees of the same chose from the same person, the assignee prior in time will be prior in right, although he has failed to give notice of the assignment to the debtor, and subsequent assignee has given such notice," etc. 6 C. J. Secundum, pp. 1145-6; 34 C. J., sec. 1001, p. 652.
In Motz v. Stowe, 83 N.C. 434 (440), we read: "The law does not require such an assignment to be registered. . . . Shipp and Bailey having acquired a good equitable title to the six hundred and ninety-six dollars in the hands of the sheriff of Lincoln, cannot be defeated of their rights by any act of Sloan, nor of his assignee. The assignee in bankruptcy takes the estate of the bankrupt subject to all equities against it. It is settled in this State that a purchaser at an assignee's sale takes subject to all equities whether he had notice of them or not. Steadman v. Taylor,77 N.C. 134; Clerk's Office v. Bank, 66 N.C. 214."
In Richmond County v. Trust Co., 195 N.C. 545, it is held: In the course of its dealings and for a lawful purpose a bank may negotiate notes, drafts, bills of exchange, and other evidence of indebtedness embraced by 3 C. S., 220 (a); and where there is more than one transfer of the same security, and the equities are equal, the first in time will prevail, unless there is fraud in the transfer. *Page 494 
In N.C. Prac. Proc. in Civil Cases (McIntosh), sec. 669, p. 760, is the following: "While a judgment is not a contract in the strict sense, it is an obligation binding the parties, and it may be assigned as any other chose in action. No particular form of assignment is required, and it need not be in writing when docketed, as conveying an interest in land; any from of words would be sufficient which shows the intent of the parties to transfer the judgment; it need not be entered on the record, though that might be desirable for the record to show the owner of the judgment. Like the transfer of any other chose in action, the assignee takes the interest which the assignor has, subject to equities of the debtor at the time of the assignment or of notice of the assignment; the assignee becomes the real party in interest, and may sue on it in his own name." FertilizerWorks v. Newbern, 210 N.C. 9.
As a general rule, when one assigns a chose in action or a judgment, the assignee obtains a good title as to what the assignor had to convey, subject to set-off or other defenses, etc., existing at the time of the transfer. Sec. 446, supra. There is no law requiring transfer to be recorded on the judgment docket in this jurisdiction. If the assignor assigns the judgment a second time, this does not effect the first assignment, although the second assignment is recorded prior to the first assignment on the judgment docket. Of course, if the first assignment is tainted with fraud, this would be another matter. On this record, the evidence is all to the effect that the purchase by the first assignee was made in good faith and for value. There is no evidence of fraud or an equitable estoppel, for otherwise, in which the second assignee can claim priority over the first assignee in this case.
For the reasons given, the judgment of the court below is
Affirmed.