J. A. HOUCK, Assignee v. MRS. J. B. OVERCASH and BILL RAMSEY, T/A BILLY'S PLUMBING CO.

No. 7225SC537

(Filed 2 August 1972)

1. **Appeal and Error § 35— failure to serve case on appeal — assignment relating to record proper**

     Where appellant's assignments of error all relate to the record proper, it is not necessary that a case on appeal be served on the appellee.

2. **Judgments § 52— assignment of satisfied judgment**

     An attempted assignment of a judgment already paid and satisfied of record is of no effect.

APPEAL by plaintiff from *Grist, Judge,* March 1972 Session of Superior Court held in CALDWELL County.

On 27 June 1961 judgment for $9,000.00 was entered in the Superior Court of Caldwell County in favor of Benny Allan Bumgarner, by his next friend, against J. B. Overcash, Mrs. J. B. Overcash and Bill Ramsey, t/a Billy's Plumbing Company. The judgment was duly recorded.

On 22 June 1971 J. A. Houck brought this action to renew the lien of the judgment against two of the defendants named therein. He alleges he is assignee of the judgment.

Defendants moved for summary judgment and the court, "having examined the motion, exhibits, interrogatories and all pleadings" filed in the cause, allowed the motion. Plaintiff appealed.

*L. H. Wall for plaintiff appellant.*

*Wilson & Palmer by Hugh M. Wilson for defendant appellees.*

GRAHAM, Judge.

Defendants moved in this Court to dismiss plaintiff's appeal for the reason that no case on appeal was served on them as required by G.S. 1-282. Plaintiff concedes he did not serve a case on appeal on defendants, but contends his only asserted errors are errors appearing on the face of the record.

[1]   Where appellant's assignments of error all relate to the record proper it is not necessary that a case on appeal be served on the appellee. *Holsomback v. Holsomback,* 273 N.C. 728, 161 S.E. 2d 99. "In the absence of a case on appeal served within the time fixed by the statute, or by valid enlargement, the appellate court will review only the record proper and determine whether errors of law are disclosed on the face thereof." *Machine Co. v. Dixon,* 260 N.C. 732, 133 S.E. 2d 659. Defendants' motion to dismiss the appeal is overruled; however, we limit our review to the record proper.

[2]   In its order allowing defendants' motion for summary judgment the trial judge found that plaintiff's claim is based on a purported assignment of the judgment made after the judgment had been paid and satisfied of record. Since our review is limited to matters appearing on the face of the record, we must assume that all of the evidence before the trial court established that there is no genuine issue as to this material fact. The remaining question is whether this finding of fact supports the court's legal conclusion that the purported assignment relied upon by plaintiff was ineffective and conferred on him no right, title or interest in the judgment. We hold that it does. Once the judgment was paid and satisfied of record it was extinguished and nothing remained for plaintiff to assign. An attempted assignment of a judgment already paid and satisfied of record is of no effect. 5 Strong, N.C. Index 2d, Judgments, § 52.

Affirmed.

Judges PARKER and VAUGHN concur.