J. A. HOUCK, ASSIGNEE v. MRS. J. B. OVERCASH AND BILL RAMSEY,
T/A BILLY'S PLUMBING CO.

No. 78

(Filed 2 February 1973)

1. Judgments § 52— payment of judgment amount by third party — assignment of judgment — validity

 Entries on the judgment docket did not show that a judgment obtained by a minor had been extinguished and that a purported assignment of the judgment by the minor "through his counsel" was invalid as a matter of law where the entries disclosed that the amount of the judgment was paid to the clerk by a third party who was not a judgment debtor, that the judgment was assigned to plaintiff as directed by the third party in consideration of such payment, and that both the payment and assignment were made on the same date, and where the entries imply that the court approved of the assignment of the minor's judgment by his attorneys as a means of obtaining the money for disbursement to or for the minor's benefit in accordance with the court's order.

2. Judgments § 52— assignment of judgment — absence of entry on margin of judgment docket — failure of clerk to witness

 Purported assignment of a judgment was not void on its face because it was not entered on the margin of the judgment docket and witnessed by the clerk as prescribed in G.S. 1-246 since that statute refers solely to what an assignee is required to do in order to protect his rights as against a subsequent assignee or other subsequent creditors of or purchasers from the owner of the judgment.

ON *certiorari* to review the decision of the Court of Appeals reported in 15 N.C. App. 581, 190 S.E. 2d 297, which affirmed a summary judgment for defendant entered by *Grist, J.,* at the 20 March 1972 Session of the Superior Court of CALDWELL County.

Plaintiff instituted this action and filed his complaint on 22 June 1971.

Plaintiff alleges that "on June 27, 1961, Benny Allan Bumgarner, by His Next Friend, H. O. Bumgarner, recovered judgment against J. B. Overcash, Mrs. J. B. Overcash, and Bill Ramsey, t/a Billy's Plumbing Co. in the sum of Nine Thousand ($9,000.00) Dollars, plus interest and costs, which judgment is duly recorded in the office of the Clerk of Superior Court of Caldwell County . . . which judgment is hereby incorporated in this action"; that "the aforesaid judgment was assigned to J. A. Houck by Benny Allan Bumgarner"; that "this Judgment

has not been paid by the defendants"; and that defendants are indebted to the plaintiff on said judgment, inclusive of interest to date, in the sum of $14,400.

Plaintiff alleges that he "is advised that J. B. Overcash is now deceased." Neither J. B. Overcash nor a personal representative of his estate is a party to this action. Mrs. J. B. Overcash, although a defendant herein and served with process, has filed no answer or other pleading. Hereafter the word "defendant" refers solely to defendant Ramsey.

The record before us contains interrogatories submitted by defendant to plaintiff on 17 July 1971 and plaintiff's answers thereto on 2 August 1971.

By order of 17 July 1971 defendant had been allowed to and including 13 August 1971 within which to file answer or other pleading.

On 20 July 1971 defendant "move[d] the court for entry of summary judgment . . . in accordance with the provisions of Rule 56 of the North Carolina Rules of Civil Procedure, upon the grounds that the pleadings and the records appearing in the judgment docket in the office of the Clerk of Superior Court of Caldwell County show that there is no genuine issue of material fact and that this defendant is entitled to judgment as a matter of law. . . ." The only specific ground advanced in support of this motion is that the assignment of judgment was not entered on the margin of the judgment docket and was not witnessed as required by G.S. 1-246. It was urged generally that "[t]he alleged assignment . . . is incomplete and ineffective . . . for other reasons that are apparent from an examination of the alleged assignment as is shown in the said attached Exhibit A." The attached paper is quoted in full below.

"Benny Allan Bumgarner
          — vs. —
O. J. Corpening, Individually,
O. J. Corpening, J. B. Overcash and
wife, Mrs. J. B. Overcash, and Charles
Fincannon, all trading as Overcash
Launderette, Bill Ramsey, Trading as
Bill's Plumbing Company

DOCKETED:   6-29-61

---

Houck v. Overcash

---

## JUDGMENT

IT IS, THEREFORE, considered, ordered and
adjudged by the Court that the plaintiff
have and recover of the defendants J. B.
Overcash, Mrs. J. B. Overcash; and Bill
Ramsey, trading as Bill's Plumbing Company,
the sum of NINE THOUSAND ($9,000.00) DOLLARS
with interest thereon until paid; and it is
further ordered by the Court that the defen-
dants pay the costs of this action to be
taxed by the Clerk. This the 27th day of
June, 1961.

> s/ J. B. CRAVEN, JR.
> Judge Presiding

| | | |
|---|---|---:|
| C.S.C. | | 4.00 |
| Stenog. | | 3.00 |
| Jury | | 5.00 |
| Use of Plaintiff | | 16.35 |
| Andrew Wilson, D.S. Morganton | | .50 |
| I. L. Willard, 302 Old Thomasville Rd., High Point, N. C. | | 25.00 |
| Robert Calville, P. O. Box 281, Morganton, N. C. | | 25.00 |
| Dr. J. J. Gibbons, 215 Highland Ave., Lenoir, N. C. | | 25.00 |
| Dr. L. C. Strong, 109 Hill Top Lane, Lenoir, N. C. | | 25.00 |
| Townsend & Todd | * | 2,225.00 |
| Dula Hospital | * | 870.65 |
| Dwight Cook | * | 150.00 |
| Benny Allan Bumgarner | # | 5,754.35 |
| | | 9,128.85 |

*
Paid 7-3-61 Check No. 7455 T & T by F.L.T.
Paid 7-29-61 Check No. 7508
Paid 7-27-61 Check No. 7502 H. O. Bumgarner
# — Transferred to Misc. Accts. #3, page 200

7/3/61 Rec'd of Dr. O. J. Corpening the sum of
Nine Thousand & no/100 dollars $9,000.00 as
per judgment in this case —

> s/ G. W. SULLIVAN, CSC

---

---

7/3/61 For consideration of the above payment plaintiff, through his counsel, Townsend & Todd, Attorneys, hereby assign, set over and transfer, according to instructions of Dr. O. J. Corpening, to J. A. Houck, this July 3, 1961 the within Judgment.

> Townsend & Todd, Attorneys
> By: T. Folger Townsend"

On 13 August 1971, in a pleading denominated Answer, defendant (1) "move[d] the dismissal of this proceeding, or, in the alternative, entry of Summary Judgment"; (2) answered each of the allegations of the complaint; (3) alleged further answers and defenses; and (4) moved that the executrix of the estate of O. J. Corpening be made a party and that defendant recover from her and from plaintiff, jointly and severally, damages in the amount of $15,000.

Nothing before us indicates that any order was entered making the executrix of the estate of O. J. Corpening a party.

In a reply, plaintiff denied the essential allegations of defendant's further answers and defenses and of his "counterclaim and third party action."

The hearing was on defendant's motion for summary judgment. The judgment, after reciting that "the court [had] examined the motion, exhibits, interrogatories and all pleadings filed in this cause," sets forth seven findings of fact, three conclusions of law, and then adjudges that defendant's motion for summary judgment is allowed, that the action is dismissed and taxes plaintiff with the costs. [The judgment contains this provision: "That by consent of the defendant, the counterclaim and cross action by [sic] the third party defendant is dismissed."]

Plaintiff excepted "[t]o the finding of facts, conclusions of law and judgment, and [gave] notice of appeal."

Upon plaintiff's appeal therefrom, the judgment was affirmed by the Court of Appeals.

*L. H. Wall for plaintiff appellant.*

*Wilson & Palmer by Hugh M. Wilson for defendant appellee.*

BOBBITT, Chief Justice.

The legal principles applicable in considering a motion for summary judgment under Rule 56 of the Rules of Civil Procedure, G.S. 1A-1, are set forth in *Kessing v. Mortgage Corp.,* 278 N.C. 523, 180 S.E. 2d 823 (1971), and approved in later cases.

In Kessing, *supra* at 534, 180 S.E. 2d at 830, the Court quotes with approval the following from Gordon, *The New Summary Judgment Rule in North Carolina,* 5 Wake Forest Intra. L. Rev. 87, 88 (1969) : "The rule does not contemplate that the court will decide an issue of fact, but rather will determine whether a real issue of fact exists."

In *Page v. Sloan,* 281 N.C. 697, 704, 190 S.E. 2d 189, 193 (1972), the Court said: "Authoritative decisions both state and federal, interpreting and applying Rule 56, hold that the party moving for summary judgment has the burden of 'clearly establishing the lack of any triable issue of fact by the record properly before the court. His papers are carefully scrutinized; and those of the opposing party are on the whole indulgently regarded.' 6 Moore's Federal Practice (2d ed. 1971) § 56.15[8], at 2439; *Singleton v. Stewart,* [280 N.C. 460, 186 S.E. 2d 400]."

[1]   Plaintiff alleges that Benny Allan Bumgarner assigned the judgment to him and that it had not been paid *by defendants.* Defendant does not allege or contend that he or any of the persons against whom the judgment was entered has paid the judgment in whole or in part. Whether the plaintiff is the owner of the judgment as assignee depends upon the validity of the purported assignment by Benny Allan Bumgarner, "through his counsel, Townsend & Todd, attorneys."

In affirming the summary judgment for defendant, the Court of Appeals noted that defendant had moved *in that Court* for dismissal of the appeal on the ground that plaintiff had not served a case on appeal as required by G.S. 1-282; that the only question presented was whether error of law appeared on the face of the record; that the hearing judge had found "that plaintiff's claim is based on a purported assignment of the judgment made after the judgment had been paid and satisfied of record"; that, since the evidence was not brought forward, the appellate court must assume that all of the evidence before the hearing judge "established that there is no genuine issue

as to this material fact"; and that "[o]nce the judgment was paid and satisfied of record it was extinguished and nothing remained for plaintiff to assign."

Plaintiff's exception to "the findings of fact" is grounded on his contention that findings of fact were unnecessary and inappropriate as a basis for decision on defendant's motion for summary judgment.

It is noted that the entries on the writing attached to defendant's motion for summary judgment show that the clerk acknowledged the receipt from Dr. Corpening of the sum of $9,000 "as per judgment in this case," but show no entry of satisfaction, cancellation or extinguishment of the judgment. On the contrary, they disclose that the assignment, which was entered immediately following the clerk's entry, was made "[f]or consideration of the above payment."

"While a judgment is not a contract in the strict sense, it is an obligation binding the parties, and it may be assigned as any other chose in action." 2 McIntosh North Carolina Practice and Procedure (2d ed. Wilson) § 1761.

"Where a party primarily liable on a judgment pays the judgment, the judgment is discharged and there can be no right of assignment." 5 Strong, N. C. Index 2d, *Judgments* § 54. The law applicable when payment is made by a stranger having no interest in the judgment is summarized in 49 C.J.S., *Judgments* § 557, as follows: "Although a judgment creditor is not bound to accept payment from a stranger . . . yet, where he does accept such payment, he is precluded from further recovery, and the judgment will be kept alive for the stranger's benefit, rather than extinguished, when, and only when, there is an intentional agreement or understanding to this effect. . . . [T]he taking of an assignment affords unequivocal evidence of an intention not to satisfy the judgment unless it is taken so long after the payment as to evidence the fact that it was only an afterthought. Such an assignment is valid and the judgment remains unextinguished in favor of a person in whose behalf it is obtained, as well where his credit is accepted as the consideration of the assignment as where it is for a payment in cash made by him."

The recital in the judgment quoted in our preliminary statement discloses that no evidence was considered or offered at the hearing before Judge Grist except plaintiff's answers to

the interrogatories. A statement in one of plaintiff's answers is the only basis in the record, apart from the entries on the judgment docket, which bears upon whether the judgment was first paid and thereafter assigned. However, the probative force of the statement in one of plaintiff's answers to the effect that the judgment had been paid prior to the assignment thereof to him is completely negated by his answers (1) that he first learned that the judgment had been assigned to him "about a week after it was entered," and (2) that he had no knowledge apart from the court records as to "(a) the settlement made with the plaintiff; (b) the manner in which the judgment would be docketed; (c) who would pay the amount of the judgment; and (d) whether any defendant other than O. J. Corpening would be required to pay anything on the judgment."

The interrogatories and plaintiff's answers thereto are included in the record preceding the clerk's certificate that the documents constituting the record are true copies of what is on file in his office. Since they were considered by Judge Grist and certified as a part of the record, we deem it appropriate to consider plaintiff's answers. They disclose unmistakably that he knew nothing of what occurred in connection with the assignment except what he learned from an inspection of what appeared on the judgment docket.

In our view, whether defendant is entitled to summary judgment depends solely upon whether the entries set forth on the exhibit attached to defendant's motion disclose as a matter of law that plaintiff is not entitled to recover.

Obviously, the payment of the amount of the judgment by Dr. Corpening to the clerk and the disbursement thereof by the clerk to or for the benefit of Benny Allan Bumgarner pursuant to the court's order terminated Benny Allan Bumgarner's interest therein. The question is whether the assignment of the judgment to plaintiff as directed by Dr. Corpening in consideration of the payment of the amount of the judgment to the clerk is an invalid assignment as a matter of law.

The writing attached to defendant's motion for summary judgment supports plaintiff's allegation that on 27 June 1961, Benny Allan Bumgarner recovered judgment for $9,000 plus interest and costs against J. B. Overcash, Mrs. J. B. Overcash, and Bill Ramsey, t/a Bill's Plumbing Co. This writing indicates

that the judgment was recovered in an action entitled, "Benny Allan Bumgarner vs. O. J. Corpening, Individually, O. J. Corpening, J. B. Overcash and wife, Mrs. J. B. Overcash, and Charles Fincannon, all trading as Overcash Launderette, Bill Ramsey, trading as Bill's Plumbing Company." Benny Allan Bumgarner acquired no judgment against O. J. Corpening, individually, as partner or otherwise. Hence, nothing else appearing, O. J. Corpening paid the amount of the judgment to the clerk when he was under no legal obligation to do so. Obviously, it was to Benny Allan Bumgarner's interest to receive the amount of the judgment he had obtained without regard to whether the payment was being made by a judgment debtor or by a purchaser-assignee thereof. The record implies that Benny Allan Bumgarner was a minor and therefore unable to execute an assignment. It shows that both the payment and the assignment were made on 3 July 1961, presumably as interrelated features of a single transaction. It implies that the court ordered the disbursement of the money received by the clerk from Dr. Corpening as itemized on the judgment docket, this itemization including compensation of $2,225 to Townsend & Todd, his attorneys.

Conceding, *arguendo,* that under ordinary circumstances an attorney of record has no *implied* authority to assign a judgment in favor of and owned by his client, the record here implies the court's approval of the assignment of Benny Allan Bumgarner's judgment by his attorneys of record as a means of obtaining the money for disbursement to or for the benefit of Benny Allan Bumgarner in accordance with the court's order.

[2] There is no merit in defendant's contention that the alleged assignment is void on its face because it was not entered on the margin of the judgment docket and witnessed as prescribed in G.S. 1-246.

G.S. 1-246 provides: "No assignment of judgment shall be valid at law to pass any property *as against creditors or purchasers for a valuable consideration from the donor, bargainor, or assignor,* but from the entry of such assignment on the margin of the judgment docket opposite the said judgment, signed by the owner of said judgment, or his attorney under power of attorney or his attorney of record, and witnessed by the clerk or the deputy clerk of the superior court of the county in which said judgment is docketed. . . . " (Our italics.)

Prior to the enactment of the statutes now codified as G.S. 1-246, this Court had held in *In re Wallace: Jennings & Sons, Inc. v. Howard*, 212 N.C. 490, 193 S.E. 819 (1937), as stated succinctly and accurately in the headnote, the following: "A prior assignee of a judgment for a valuable consideration takes the title of his assignor unaffected by a subsequent assignment of the same judgment by the assignor to another for a valuable consideration without notice of the prior assignment, in the absence of fraud, even though the second assignee has his assignment first recorded on the judgment docket, there being no statute requiring an assignment of a judgment to be recorded." See 19 N.C. L.Rev. at 462 (1941).

G.S. 1-246 refers solely to what an assignee is required to do in order to protect his rights as against a subsequent assignee or other subsequent creditors of or purchasers from the owner of the judgment. The present action involves *the validity* of a single assignment. No one other than plaintiff is claiming ownership of any interest in the judgment.

Whether plaintiff is entitled to recover may depend upon matters not before the court for consideration on defendant's motion for summary judgment, including the determination of issues raised by defendant's further answers and defenses and "counterclaim and third party action" and plaintiff's reply thereto. In our view, the writing attached to defendant's motion for summary judgment was sufficient to require the denial thereof. Summary judgment should be granted only when the movant is clearly entitled thereto. *Kessing v. Mortgage Corp., supra* at 534, 180 S.E. 2d at 830.

Accordingly, the judgment of the Court of Appeals is reversed. The summary judgment for defendant is vacated, and the Court of Appeals is directed to remand the case to the superior court for trial.

Reversed and remanded.