NORMAN EARL BRANTLEY v. C. S. MEEKINS

No. 741SC481

(Filed 7 August 1974)

1. **Appeal and Error § 35— necessity for case on appeal**

    It is not necessary that a case on appeal be served on the appellee where appellant's only assignment of error relates solely to the record proper.

2. **Limitation of Actions § 4; Clerks of Court § 13— action for negligence by clerk of court — statute of limitations**

    An action against a clerk of superior court based on alleged negligence in the issuance of a summons is governed by the three-year statute of limitations, G.S. 1-52, and the court properly entered summary judgment for defendant clerk where the face of the record proper shows that the action is barred by the statute of limitations.

APPEAL by plaintiff from *James, Judge,* 14 January 1974 Session of Superior Court held in DARE County. Heard in the Court of Appeals on 19 June 1974.

This is a civil action wherein the plaintiff, Norman Earl Brantley, seeks to recover damages from defendant, C. S. Meekins, as a result of the alleged negligence of the latter.

The complaint in the present action was filed on 26 November 1971 and contained the following pertinent allegations:

"III. That on or about November 26, 1962, Plaintiff was severely injured in an automobile accident, that these

injuries were sustained as a proximate result of the negligence of Lester Sawyer, and that Plaintiff's automobile was almost totally destroyed.

IV. That Plaintiff had a good cause of action for damages arising out of the above events against Lester Sawyer.

V. That on November 26, 1965, Defendant Meekins in his official capacity as Clerk of Superior Court of Dare County negligently and improperly issued a Summons to Lester Sawyer which ordered him to appear in Pasquotank County, rather than Dare County where Plaintiff's negligence action had been instituted that day.

VI. That this Summons was void and a nullity and failed to create jurisdiction over the Defendant, Lester Sawyer, as a proximate result of which, the Statute of Limitations having run at midnight, November 26, 1965, Plaintiff's action against Lester Sawyer was ultimately dismissed; and Plaintiff was barred from prosecuting his claim against Lester Sawyer on the merits thereof.

VII. That Defendant Meekins knew or, in the exercise of reasonable care, should have known of the defective nature of this Summons, and that he negligently caused it so to issue, and that but for this negligent act Plaintiff would have recovered just compensation in his action against Lester Sawyer in the amount of Twenty-Five Thousand Dollars ($25,000.00)."

The defendant filed answer in which he denied the material allegations of the complaint and pleaded the statute of limitations in bar of any recovery by the plaintiff.

On 2 January 1974 the defendant moved for summary judgment, and on 17 January 1974 Judge James entered an order granting summary judgment in favor of the defendant. The plaintiff appealed therefrom.

*Winston, Coleman, and Bernholz by Steven A. Bernholz and Roger Bernholz for plaintiff appellant.*

*No counsel contra.*

HEDRICK, Judge.

[1] Defendant filed a motion in this Court to dismiss plaintiff's appeal for the reason that the case on appeal was not served on

defendant within the time allowed. Plaintiff, in his response to the defendant's motion, does not deny that he failed to timely serve the case on appeal, but contends his only assignment of error relates solely to the record proper.

In *Houck v. Overcash,* 15 N. C. App. 581, 190 S.E. 2d 297 (1972), rev'd. on other grounds, 282 N.C. 623, 193 S.E. 2d 905 (1973), it is stated:

> "Where appellant's assignments of error all relate to the record proper it is not necessary that a case on appeal be served on the appellee. *Holsomback v. Holsomback,* 273 N.C. 728, 161 S.E. 2d 99. 'In the absence of a case on appeal served within the time fixed by the statute, or by valid enlargement, the appellate Court will review only the record proper and determine whether errors of law are disclosed on the face thereof.' *Machine Co. v. Dixon,* 260 N.C. 732, 133 S.E. 2d 659."

Thus, defendant's motion to dismiss the appeal is overruled.

[2]   A review of the record proper discloses that plaintiff's alleged cause of action against defendant Meekins accrued on 26 November 1965 and that plaintiff's complaint was filed on 26 November 1971. G.S. 1-52 enumerates the types of actions which are subject to a three year statute of limitations and among these is the type of action which is now before us. See G.S. 1-52(5).

Therefore, since it is clear on the face of the record proper that the present action is barred by the three year statute of limitations, we hold that the trial court correctly entered summary judgment in favor of the defendant.

Affirmed.

Judges CAMPBELL and PARKER concur.