VINCENT S. MEYER, ANNE K. MEYER AND ELIZABETH S. MEYER v. McCARLEY AND COMPANY, INC., BLEECKER MORSE, AND WHEAT, FIRST SECURITIES, INC.

No. 7414SC838

(Filed 15 January 1975)

Brokers and Factors § 4— failure of broker to follow instructions — issues of fact — summary judgment improper

In an action to recover for a loss of money allegedly resulting from the purchase and attempted sale of six hundred shares of corporate stock, the trial court erred in granting summary judgment for all defendants where there were issues of fact as to whether defendant Wheat's negligence, if any, in failing to follow the male plaintiff's instructions with respect to liquidation of his account and depositing funds resulting therefrom was a proximate cause of plaintiffs' loss in a subsequent transaction involving the purchase and sale of stock which was handled by defendant McCarley, whether defendant Wheat had reason to know that failure to follow plaintiff's instructions would result in some injury to plaintiff, and whether a "sell order" given by the male plaintiff to defendant Morse, who was an employee of defendant McCarley, referred only to the male plaintiff's stock and not that of the female plaintiffs.

Judge HEDRICK concurring in part and dissenting in part.

APPEAL by plaintiffs from *Brewer, Judge,* 10 June 1974 Civil Session of Superior Court held in DURHAM County. Heard in the Court of Appeals on 21 November 1974.

Plaintiffs brought this action to recover for a loss of $12,400 allegedly resulting from the purchase and attempted sale of six hundred shares of corporate stock. All defendants moved for summary judgment. Copious depositions taken upon oral examination and two affidavits were submitted for consideration. The trial judge, being of the opinion that there was no genuine issue of any material fact, entered judgment in favor of defendant Wheat, First Securities, Inc. and against all plaintiffs. Also, summary judgment was entered on the same ground in favor of defendants McCarley and Company, Inc. and Bleecker Morse and against plaintiffs Anne K. Meyer and Elizabeth S. Meyer. Motion for summary judgment by defendants McCarley and Company, Inc. and Bleecker Morse against plaintiff Vincent Meyer was denied. Plaintiffs appealed.

*Powe, Porter, Alphin & Whichard, by James G. Billings for plaintiff appellants.*

*Newsom, Graham, Strayhorn, Hedrick, Murray & Bryson, by E. C. Bryson, Jr., for defendant appellee, Wheat, First Securities, Inc.*

*Haywood, Denny & Miller, by John C. Martin, for defendant appellees, McCarley and Company, Inc. and Bleecker Morse.*

MARTIN, Judge.

The sole question presented on appeal is whether the trial court erred in granting defendants' motions for summary judgment. When motion for summary judgment is made, the court must look at the record in the light most favorable to the party opposing the motion. *Patterson v. Reid,* 10 N.C. App. 22, 178 S.E. 2d 1 (1970):

The materials considered on defendants' motions for summary judgment show the following when viewed in a light most favorable to the plaintiffs. Plaintiff Vincent Meyer is a stock speculator. He trades in his own name and in the name of his two daughters, plaintiffs Anne K. Meyer and Elizabeth S. Meyer, under third-party trading agreements. In September 1972 Vincent Meyer moved to Saluda, North Carolina. Prior to that time he lived in Richmond, Virginia where he had a securities account

with the brokerage firm of Wheat, First Securities, Inc. (Wheat). At Wheat he maintained three separate accounts for himself and his two daughters. Shortly after moving to North Carolina, he went to the office of McCarley and Company, Inc. in Hendersonville, North Carolina and spoke to defendant Morse, a broker employed by defendant McCarley and Company, Inc., about opening an account. On 6 September 1972, Mr. Meyer placed an order with Morse for the purchase of 600 shares of Levitz Furniture Co. stock, 200 shares for himself and 200 shares for each of his two daughters. His daughters paid for their shares with checks which were subsequently honored by the drawee banks. In order to pay for Mr. Meyer's 200 shares it was necessary to liquidate his account at Wheat which consisted of shares of Toyo Kogyo stock and cash. The Toyo Kogyo stock was transferred to McCarley and Company, Inc. where it was sold in partial payment for Meyer's 200 shares of Levitz stock. Mr. Meyer then paid the balance due on his Levitz stock with a check drawn on the Second National Bank in Richmond, Virginia. While the check was dated 7 September 1972, it was understood that McCarley and Company, Inc. would hold the check until 13 September in order to allow time for the cash in Mr. Meyer's account at Wheat to be placed in the Second National Bank in Richmond. On 7 September 1972 Mr. Meyer telephoned Mrs. Corby, a bookkeeper at Wheat, told her to deposit the cash balance of his Wheat account in his Richmond bank account, and gave her the account number. Mr. Meyer then left for California. According to Mrs. Corby, a clerical error caused only part of the cash balance to be deposited in the Richmond bank while the other part was sent to Meyers home in Saluda. As agreed, McCarley and Company, Inc. deposited Mr. Meyer's check on 13 September, and on 25 September the check was returned for insufficient funds. Meyer was notified and returned from California, arriving home 27 September. The money that had been sent to his home was then mailed special delivery to his bank in Richmond. McCarley and Company redeposited his check, and it cleared 2 October. In the meantime, on 28 September, Mr. Meyer told defendant Morse that he wanted "to get out of" the Levitz stock between "46" and "47." Morse replied that the stock had not been paid for. The 600 shares of Levitz stock were finally sold for around $26.50 per share on 10 October 1972. Plaintiffs allege that if the stock had been sold on 28 September, in accordance with their "sell order," it would have brought $47.00 per share.

Meyer v. McCarley and Co.

APPEAL BY PLAINTIFF FROM SUMMARY JUDGMENT FOR
DEFENDANT WHEAT, FIRST SECURITIES, INC.

Plaintiffs contend that the failure of Wheat's employees to deposit all of Vincent Meyer's cash in his Richmond bank, as instructed, renders Wheat liable to each plaintiff for their subsequent losses on the shares of Levitz stock. Primarily, defendant Wheat argues it was entitled to summary judgment as a matter of law for two reasons: First, its negligence, if any, was not a proximate cause of plaintiffs' loss; and second, its negligence, if any, was insulated by the subsequent negligence of its co-defendants McCarley and Company, Inc. and Morse.

The thrust of defendant Wheat's first argument is directed at the injury sustained by Elizabeth and Anne Meyer, Mr. Meyer's daughters. Clearly, it cannot be said that Wheat had no duty to exercise care in the performance of Mr. Meyer's instructions. Also, by reason of third-party trading agreements, Mr. Meyer was authorized to act in behalf of his daughters. "It is the duty of a broker to act in conformity with his authority and instructions in good faith and with reasonable care, skill, and diligence, and if he violates these duties he is responsible therefor to his principal." 12 C.J.S., Brokers, § 23, p. 66.

Citing *Phelps v. Winston-Salem,* 272 N.C. 24, 157 S.E. 2d 719 (1967), defendant Wheat argues that the causal connection between their negligence and plaintiffs' injury was too remote. Proximate cause is a cause that produced the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such a result was probable under all the facts as they existed. *Williams v. Boulerice,* 268 N.C. 62, 149 S.E. 2d 590 (1966). Furthermore, "[i]t is sufficient if by the exercise of reasonable care the defendant might have foreseen that some injury would result from his conduct or that consequences of a generally injurious nature might have been expected. *Bondurant v. Mastin,* 252 N.C. 190, 113 S.E. 2d 292." *Slaughter v. Slaughter,* 264 N.C. 732, 142 S.E. 2d 683 (1965). "What is the proximate cause of an injury is ordinarily a question for the jury. Rarely is the court justified in deciding this question as a matter of law. [Citation.] In the language of *Justice Barnhill* in *Conley v. Pearce-Young-Angel Co.,* 224 N.C. 211, 29 S.E. 2d 740, 'It is only when the facts are all admitted and only one inference may be drawn from them that the court will declare whether an act was the proximate cause of an injury

or not. But this is rarely the case.' Likewise, as stated by *Justice Seawell* in *Montgomery v. Blades,* 218 N.C. 680, 12 S.E. 2d 217, 'Usually the question of foreseeability is one for the jury.'" *McIntyre v. Elevator Co.,* 230 N.C. 539, 54 S.E. 2d 45 (1949). Keeping in mind the present pretrial status of the case at bar, we find that the following rule is also pertinent to our decision:

> "Rendition of summary judgment is, by the rule itself, conditioned upon a showing by the movant (1) that there is no genuine issue as to any material fact, and (2) that the moving party is entitled to a judgment as a matter of law." *Page v. Sloan,* 281 N.C. 697, 190 S.E. 2d 189 (1972).

According to Mr. Meyer's deposition, he telephoned Mrs. Corby about obtaining the cash in his account in order to pay for some shares of stock. She was told that the shares of stock had to be paid for by 13 September. The next day they discussed the accounts of his daughters, over which he had authority, and Mrs. Corby was instructed to deposit Anne Meyer's cash, as well as Mr. Meyer's, in certain Richmond bank accounts. However, there exist unanswered questions regarding the "facts as they existed." For instance, was Mrs. Corby unaware that Mr. Meyer was still trading for his two daughters? Were there no indications that such was the case? It remains unclear to what extent defendant Wheat and its employee, Mrs. Corby, knew or had reason to know that their failure to follow Mr. Meyer's instructions in depositing his money in the Richmond bank would result in some injury to Mr. Meyer and his daughters. In her deposition, Mrs. Corby merely stated that she could not recollect whether Mr. Meyer told her why he needed money deposited in his Richmond bank account. Summary judgment should be granted only when the movant is clearly entitled thereto. *Houck v. Overcash,* 282 N.C. 623, 193 S.E. 2d 905 (1973). It has not been shown that defendant Wheat was clearly entitled to summary judgment as a matter of law. Furthermore, we fail to discern how Wheat's negligence, if any, could be insulated by the subsequent negligence of its codefendants where the latter's negligence appears to be an issue for the jury, yet it has not been submitted to one.

"If there is to be error at the trial level it should be in denying summary judgment and in favor of a full live trial. And the problem of overcrowded calendars is not to be solved by summary disposition of issues of fact fairly presented in an action." 6 Moore's Federal Practice, § 56.15 [1.-2], at 2316. The

practice of determining issues of proximate cause on motion for summary judgment has not been recommended. *See* 51 N.C. L. Rev. 1196, 1202 (1973) and 9 Wake Forest L. Rev. 523, 540 (1973).

For the reasons stated, summary judgment in favor of defendant Wheat and against all plaintiffs is reversed.

APPEAL BY PLAINTIFFS ANNE K. MEYER AND ELIZABETH S. MEYER FROM SUMMARY JUDGMENT FOR DEFENDANTS McCARLEY AND COMPANY, INC. AND BLEECKER MORSE

Defendants McCarley and Company, Inc. and Morse take the position that summary judgment was properly entered in their favor against plaintiffs Anne K. Meyer and Elizabeth S. Meyer because the so-called "sell order" given by Vincent Meyer to Morse on 28 September 1972 referred only to Mr. Meyer's 200 shares of stock. Morse disobeyed the "sell order" because Mr. Meyer's check was not honored due to insufficient funds. Viewing the depositions and affidavits in a light most favorable to the nonmovant plaintiffs, there clearly appears to be a dispute over the facts in this respect. Since defendants McCarley and Company, Inc. and Morse failed to show that there was no genuine issue of material fact, it was error to grant summary judgment in their favor.

The result is:

On the appeal by Vincent S. Meyer, Anne K. Meyer and Elizabeth S. Meyer from summary judgment for defendant Wheat, First Securities, Inc., the judgment is

Reversed.

On the appeal by plaintiffs Anne K. Meyer and Elizabeth S. Meyer from summary judgment for defendants McCarley and Company, Inc. and Bleecker Morse, the judgment is

Reversed.

Judge BRITT concurs.

Judge HEDRICK concurs in part and dissents in part.

Judge HEDRICK concurring in part; dissenting in part.

I concur in that part of the majority opinion which reverses the summary judgment for defendant, Wheat, First Securites, Inc., as against the plaintiff Vincent S. Meyer, and that part of the majority opinion which reverses the summary judgment for defendants McCarley and Company and Bleecker Morse, as against the plaintiffs Anne K. Meyer and Elizabeth S. Meyer. However, I dissent from that part of the majority opinion which reverses summary judgment for the defendant Wheat, First Securities, Inc., as against the femme plaintiffs, Anne K. Meyer and Elizabeth S. Meyer. While I agree with the majority that the record shows a triable issue as to the negligence of the defendant Wheat, First Securities, Inc., in my opinion the record discloses no causal connection whatsoever between any negligence of defendant Wheat, First Securities, Inc., and any damages sustained by the femme plaintiffs Anne K. Meyer and Elizabeth S. Meyer. In my opinion, summary judgment for defendant Wheat, First Securities, Inc., as to the claims of the femme plaintiffs was appropriate.